# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X
YISROEL WEINGOT, and
SURI WEINBERGER a/k/a SURI WEINGOT                    Index No. 21-606808
            Plaintiffs,                               **SUMMONS**  5/28/21

        -against-

UNISON AGREEMENT CORP.,
REAL ESTATE EQUITY EXCHANGE INC.,
ODIN NEW HORIZON REAL ESTATE FUND LP,
and AXIS APPRAISAL MANAGEMENT SOLUTIONS
            Defendants,
-------------------------------------------------------------------X   **Basis of Venue:**
                                                     Location of the subject property
                                                     973 Benton Street
                                                     Woodmere, New York 11598

**TO THE ABOVE NAMED DEFENDANTS:**

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance on the Plaintiff's Attorney(s) within twenty (20) days after the service of this
summons, exclusive of the day of service (or within thirty (30) days after the service is complete
if summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the complaint.

Dated: New York, New York
May 28, 2021
                                            By: _____
                                            Charles Wertman, Esq
                                            Law Offices of Charles Wertman P.C.
                                            Attorney for Defendant
                                            100 Merrick Road, Suite 304W
                                            Rockville Centre, NY 11570

**Defendants' Address:**
*Real Estate Equity Exchange Inc.*
650 California Street, Suite 1800
San Francisco, California 94108

*Odin New Horizon Real Estate Fund LP*
650 California Street, Suite 1800
San Francisco, California 94108

*Axis Appraisal Management Solutions.*
1537 Fourth Street
San Rafael, California 94901

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X
YISROEL WEINGOT, and
SURI WEINBERGER a/k/a SURI WEINGOT                    Index No.
             Plaintiffs,                          **VERIFIED COMPLAINT**

    -against-

UNISON AGREEMENT CORP.,
REAL ESTATE EQUITY EXCHANGE INC.,
ODIN NEW HORIZON REAL ESTATE FUND LP,
and AXIS APPRAISAL MANAGEMENT SOLUTIONS
             Defendants,
-------------------------------------------------------------------X

      Plaintiffs Yisroel Weingot and Suri Weingot, by their attorneys, Law Offices of Charles

Wertman, P.C. for their Verified Complaint against Defendants Unison Agreement Corp., Real

Estate Equity Exchange Inc., Odin New Horizon Real Estate Fund LP, Robert Price, and Axis

Appraisal Management Solutions alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action brought by Plaintiffs for declaratory judgment, injunctive and equitable

relief, and for compensatory, special, general and punitive damages. Plaintiffs dispute

Defendants claim to title of the property located at 973 Benton Street, Woodmere, New York

11598 (the "Property").   Plaintiff disputes Defendants' claim to the real property in question

where the Defendants allege to have acquired an ownership in Plaintiffs' home by engaging in an

unlawful assigning and/or transferring of Plaintiffs' ownership in the Property.

2.      Additionally, based on Defendants' string of deceptive conduct and unfulfilled promises,

Plaintiffs bring claims for fraudulent inducement, fraudulent misrepresentation, breach of

contract, fraud and violations of Truth in Lending Act, 15 U.S.C §§ 1601 et seq., the Home

Ownership and Equity Protection Act of 1994,15 U.S.C. §§ 1602 and 1639, Article 12-D of the New York Banking Law, and unjust enrichment, seeking damages in excess of $ 1 Million.

3.      Defendants' violations of State and Federal laws upon the facts and circumstances surrounding the Property are additional reasons this Court should quiet title in the Property in Plaintiffs' name and award damages and injunctive relief as requested below.

4.      An actual controversy has arisen and now exists between Plaintiffs and Defendants and each of them desires a judicial determination with regard to the ownership of the Property.

## THE PARTIES

5.      Yisroel Weingot ("Yisroel") and Suri Weinberger a/k/a/ Suri Weingot ("Suri"); (Yisroel and Suri are collectively referred to as "Plaintiffs" or "Weingots") are natural persons with an address at 973 Benton Street, Woodmere, New York 11598.

6.      Yisroel and Suri are husband and wife and were and are at all relevant times the owners as husband and wife, in fee simple of certain premises in the Town of Hempstead, County of Nassau, State of New York, being more particularly described as 973 Benton Street, Woodmere, New York 11598 Section: 41; Block: 027; Lot: 12 (the "Property").

7.      Upon information and belief, at all relevant times Defendant Unison Agreement Corp. ("Unison") is a Delaware corporation with its principal place of business at 650 California Street, Suite 1800, San Francisco, California 94108.

8.      Upon information and belief, at all relevant times Defendant Real Estate Equity Exchange Inc. ("Equity Exchange") is a Delaware corporation with its principal place of business at 650 California Street, Suite 1800, San Francisco, California 94108. Upon information and belief Equity Exchange is the corporate parent of Unison.

9.      Upon information and belief, at all relevant times Defendant Odin New Horizon Real Estate Fund LP ("Odin") is a Delaware limited partnership with its principal place of business at 650 California Street, Suite 1800, San Francisco, California 94108.

10.     Upon information and belief, at all relevant times Defendant Axis Appraisal Management Solutions, ("Axis") is a California corporation with its principal place of business at 1537 Fourth Street, San Rafael, California.

## BACKGROUND

11.     Defendant Unison was founded in 2004, and is a national company headquartered in San Francisco, California.

12.     At all relevant times Defendants Unison and its agents/affiliates and alter egos created and have maintained a website utilizing the domain name unison.com ("Website").

13.     The content of the Website is set to inform a potential participant in the Unison program with what appears to be factual statements relating to the Unison "co-investment" model and is designed so that an uninformed person reviewing the site would believe the published statements to be fact as they are published on the Website.

14.     Unison is grossly irresponsible in the publication of the content on its own Website. The content is not only misleading, but patently false and set forth on the site with reckless disregard for the truth.

15.     Upon information and belief, Defendants are utilizing the Website as a springboard to contact individuals, to induce them to do business with Unison.

16.     Upon information and belief, it is this economic incentive that drives Defendants and their agents/consultants to publish and utter false statements relating to Plaintiffs, falsely

grouping them to unidentified parties set forth on the Website.

17.    Unison through its Website, touts itself as an entity that offers an alternative to home loans with something they call "home co-investing."

18.    Unison, through the Website, intentionally and recklessly sets forth false statements relating to uninformed homeowners for the purpose of gaining a pecuniary advantage based upon publishing such false statements.

19.    Unison claims to provide a program in which it provides homeowners with an upfront cash payment, in exchange, the company takes a share of the appreciation when the home is sold.

20.    Unison falsely claims that they are not giving the homeowner a loan, but rather purchasing a percentage of their ownership interest.

21.    Unison also falsely claims that the homeowners have the ability to buyout at any time without penalty.

22.    Unison describes itself as a co-investor in the homeowner's property for a share in the appreciation of the value of that property.  However, this program is actually a high-interest loan disguised as an investment in homeownership.

23.    Unison obtains its ownership interest in a homeowner's property based upon the current home equity as determined in Unison's sole discretion and upon an appraisal requisitioned by Unison.

24.    Unison provides a cash payment immediately, and the recipient's obligation to pay principal and interest payments is deferred.

25.    By falsely claiming to offer certain advantages over conventional borrowing Unison preys on the vulnerabilities of low-income borrowers.

26.     Unison typically targets a homeowner trying to get out of debt, to whom the avoidance of monthly principal and interest payments are particularly palatable.

27.     Most glaring, is Unison's failure to disclose that the participants in Unison programs relinquish substantial equity in their home's value, that Unison intentionally understates and/or ignores the home's true value.

28.     Based on Defendants' string of deceptive conduct and unfulfilled promises, Plaintiffs bring claims for fraudulent inducement, fraudulent misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, fraud and violations of New York's General Business Law, UCC § 3-305(a)(1)-(c), Truth in Lending Act, 15 U.S.C §§ 1601 et seq., the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. §§ 1602 and 1639, the New York Executive Law Section 63 (12), New York General Business Law § 349, Article 12-D of the New York Banking Law, and unjust enrichment, seeking damages in excess of $ 1 Million.

## ALLEGATIONS RELATING TO ALL COUNTS

29.     Weingots, have owned the Property in which they reside with their six children since 2008, from that time till today's date, they have continued to live with their family at the Property which is their primary residence.

30.     Plaintiffs are teachers and would not be considered educated investors, or sophisticated in real estate and mortgage lending.

31.     Yet, in October of 2017, in desperate need for a financial loan, Yisroel looked into different options that were available to utilize the equity in Plaintiffs' home.

32.     Yisroel during the course of researching his options found Unison's website.

33.     The information contained on the Website misled Yisroel into believing that the funds

Unison was providing was a loan and not a transfer of a substantial percentage of Plaintiffs' ownership interest in the Property.

34.     Yisroel was never informed that the home's value could easily exceed the amount he might have paid in interest through a traditional home equity loan and that it would be prohibitively expensive to buy out a short time after entering into the agreement.

35.     Yisroel was never informed that the appraisal was biased in favor of Defendants and that the valuation was grossly undervalued and false.

36.     Unison took advantage of Plaintiffs' financial situation by offering Plaintiffs a minimal payment to acquire a majority of the ownership interest in Plaintiffs' home.

37.     Unison's deception and its failure to provide accurate information about what it referred to as a co-investment caused and continues to cause Plaintiffs multiple forms of significant harm.

38.     After reviewing the information on the Website, on or about October 31, 2017, Yisroel contacted Eric Reou, ("Eric") a senior sales member to inquire whether Unison's programs could meet his needs.

39.     Plaintiffs believed Eric, and the information that he and Unison provided to Plaintiffs.

40.     After reviewing additional information provided by Eric, Yisroel requested an application and other material to commence the process whereby Plaintiffs would receive the loan from Unison.

41.     Subsequently, on or about November 2017, Plaintiffs received an application package from Unison.

42.     After months of leading the Plaintiff on, Unison sent a subpar appraisal and created a pressured environment that made it impossible for an uneducated homeowner to make an

informed decision.

43.     Plaintiffs relied on Unison's assurances and promises that they were providing Plaintiffs with an infusion of cash based on their home equity and the transaction was in the Plaintiffs' best interest.

44.     Upon information and belief, despite all these express assurances and promises, Unison had no intention to meet Plaintiffs' financial need, and Unison knew or should have known that it was not providing Plaintiffs what it informed them it was providing.

45.     Upon information and belief, Unison's representations to Plaintiffs regarding the purported co-investment were purposely false and misleading and designed to ensure that Plaintiffs would convey a disproportionate percentage of their ownership interest in the Property to Unison.

46.     Plaintiffs did indeed rely on this information from Unison and Unison knew or should have known that Plaintiffs would reasonably rely on this information in making its determinations to participate in Unison's HomeOwner program.

47.     Unison misrepresented to Plaintiffs the risks involved with Unison's HomeOwners program.

48.     Unison knew these omissions and misrepresentations to be false at the time it made them.

49.     Unison made the misrepresentations and omitted information to induce Plaintiffs into agreeing to enter into Unison's HomeOwners program.

50.     Unison knew or should have known that Plaintiffs would reasonably rely on its false or misleading information in this matter.

51.     Unison knew or should have known that Plaintiffs would reasonably rely on this

information in making its determinations to participate in Unison's HomeOwner program.

52.     On or about January 12, 2018, the Plaintiffs granted Unison a 68.86% interest in the Property in exchange of payment of $125,000.00.

53.     Unison continued to make these and other misrepresentations through its Website even after Plaintiffs signed the documents that granted granted Unison a 68.86% interest in the Property.

**AS AND FOR A FIRST CAUSE ACTION**
**(Common Law Fraud)**
**(As Against All Defendants)**

54.     Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs above as if fully set forth herein.

55.     Defendants participated in a massive fraud by identifying and targeting Plaintiffs to induce them to transfer a substantial ownership interest from Plaintiffs to Defendants furthered the fraud by providing false and misleading information that were intended to create the impression that the subject transaction was legitimate.

56.     Defendants acted with the intent that Plaintiffs rely on its false representations and with full knowledge that Plaintiffs would rely on its false representations, in order to induce Plaintiff to agree to transfer a substantial ownership interest to Defendants.

57.     As appraiser, Axis produced an appraisal that undervalued the Property in order to induce Plaintiffs to agree to transfer a substantial ownership interest to Defendants.

58.     Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that Defendants failed to disclose such facts such as the undervaluation of the Property, and the mischaracterization of the

transaction as an investment when in was a loan.

59.     Such material misrepresentations and/or omissions were done knowingly or recklessly, with reckless indifference to the truth, and for the purpose and effect of concealing the true nature of the deal and the extent of Defendants' self-dealing and fraud; and with the intent to induce Plaintiffs to rely upon them and transfer an ownership interest to Defendants.

60.     Plaintiffs acted in direct reliance on the representations and omissions made by Defendants.

61.     Plaintiffs justifiably relied upon the false and misleading representations and omissions made by Defendants.  At the time of said misrepresentations and/or omissions, Plaintiffs were ignorant of their falsity and believed them to be true. Had Plaintiffs known the truth regarding the actual circumstances of the subject transaction as well as Defendants' fraud Plaintiffs would not have transferred an ownership interest to Defendants, and would have taken the appropriate steps to protect its investment.

62.     Furthermore, Plaintiffs' reliance on Defendants' reputation was reasonable. Unison touts its reputation as reputable with the highest standards on its website. Moreover, Plaintiffs had no reason to suspect that Unison's or Axis representations were false.

63.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have suffered damages in that, in reliance on Defendants false and misleading statements, Plaintiffs' transferred a substantial ownership interest of their property to Defendants.

**AS AND FOR A SECOND CAUSE ACTION**
**(Aiding and Abetting)**
**(As Against Axis)**

64.     Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs

above as if fully set forth herein.

65.     As alleged above, a massive fraud was perpetrated on Plaintiffs by Defendants.

66.     Defendants participated in a massive fraud by identifying and targeting Plaintiffs to induce them to transfer a substantial ownership interest from Plaintiffs to Defendants furthered the fraud by providing false and misleading information that were intended to create the impression that the subject transaction was legitimate.

67.     Axis acted with willful blindness or recklessness in conducting its appraisal and had actual knowledge that:

     (i)     Unison, falsely represented the true facts and circumstances of the subject transaction;

     (ii)    Unison, falsely represented the appraisal was accurate;

     (iii)   the appraisal prepared by Axis was undervalued.

68.     Axis failed to disclose the following material information:

     (i)     Unison, falsely represented the true facts and circumstances of the subject transaction;

     (ii)    Unison, falsely represented the appraisal was accurate;

     (iii)   the appraisal prepared by Axis was undervalued.

69.     Axis intentionally furthered the fraud and substantially assisted Unison by failing to conduct a proper independent appraisal of the Property and by failing to disclose that the representations made by Unison with respect to the Property's valuation was unreliable.

70.     As a direct and natural result of Axis' aiding and abetting of Unison's fraudulent scheme, Plaintiff has suffered substantial damages.

## AS AND FOR A THIRD CAUSE ACTION
### (Fraudulent Misrepresentation)
### (As Against Unison, Equity Exchange and Odin)

71.    Plaintiffs repeat and re-allege each and every allegation contained hereinabove as if fully set forth herein at length.

72.    Defendants knowingly and intentionally concealed material information from Plaintiffs, which is required by Federal Statutes and Regulations to be disclosed to Plaintiffs both before and at the closing.

73.    Perhaps the strongest evidence of Defendants' fraudulent misrepresentation is that Defendants misrepresented material information to Plaintiffs namely the true nature of the transaction; with full knowledge by Defendants that their affirmative representations were false, fraudulent, and misrepresented the truth at the time said representations were made.

74.    In furtherance of Defendants' fraudulent scheme Union's website is replete with myriad misrepresentations and misleading information that fails to disclose the fact that Plaintiffs assigned a significant ownership interest in their property.

75.    In addition, Defendants' failed to disclose the fact that the appraisal that was used to value Plaintiffs' residence was undervalued and upon information and belief based on subjective information.

76.    Under the circumstances, the material omissions and material misrepresentations of Defendants were malicious.

77.    Plaintiffs intended to rely, and justifiably relied, upon the false representations made by Defendants by transferring a substantial ownership interest in the Property to Defendants.

78.    Plaintiffs, not being educated investors reasonably relied upon the representations of

Defendants in agreeing to execute the mortgage loan documents.

79.     As a direct and proximate cause of Defendants' material omissions and material misrepresentations, Plaintiffs have suffered damages.

80.     As a result of its reliance upon the false representations made by Defendants, Plaintiffs have suffered damages, namely the loss of a substantial ownership interest in the Property. Defendants' misstatements and related misconduct were the direct and proximate cause of Plaintiff's losses.

**AS AND FOR A FOURTH CAUSE ACTION**
**(Quiet Title)**
**(As Against Unison, Equity Exchange and Odin)**

81.     Plaintiffs repeat and re-allege each and every allegation contained hereinabove as if fully set forth herein at length.

82.     The property that is the subject of this action is located at 73 Benton Street, Woodmere, New York 11598.  The legal description of the property is attached as Exhibit '"A".

83.     Plaintiffs were at all times herein mentioned the owner and/or entitled to possession of the Property.

84.     Defendant Unison claims an interest in the Property adverse to Plaintiffs herein.

85.     However, the claim of Defendant Unison is without any right whatsoever, and Unison has no legal or equitable right, claim, or interest in the Property.

86.     Plaintiffs therefore seeks a declaration that the title to the Property is vested in Plaintiffs alone and that Defendant Unison be declared to have no estate, right, title or interest in the subject property and that Unison be forever enjoined from asserting any estate, right, title or interest in the Property adverse to Plaintiffs.

## AS AND FOR A FIFTH CAUSE ACTION
### (Fraudulent Concealment)
### (As Against All Defendants)

87.     Plaintiffs repeat and re-allege each and every allegation contained hereinabove as if fully set forth herein at length.

88.     Defendants' persistent fraud and deceptive acts as set forth above, as well as, good faith reliance by Plaintiffs upon Defendants representations were some of the cause of consequent and proximate injuries to Plaintiffs.

89.     Defendants' fraudulent and misleading information contained on Defendants' website and in the appraisal prepared by Axis were specifically designed to mislead Plaintiffs and enter into the subject transaction.

90.     Defendants' failure to properly disclose or to intentionally hide the material elements as set forth above, as well as, good faith reliance by Plaintiffs upon Defendants representations were some of the cause of consequent and proximate injuries to Plaintiffs.

91.     As a direct and proximate cause of Defendants' material omissions and material misrepresentations, Plaintiffs have suffered damages.

## AS AND FOR A SIXTH CAUSE ACTION
### (Unjust Enrichment)
### (As Against Unison, Equity Exchange and Odin)

92.     Plaintiffs repeat and re-allege each and every allegation contained hereinabove as if fully set forth herein at length.

93.     Defendants' have been unjustly enriched at Plaintiffs' expense, hard work, that resulted in an increase in Plaintiffs' equity in the Property.

94.     Defendants were unjustly enriched at the expense of Plaintiff who is therefore entitled to equitable restitution and disgorgement of profits obtained by Defendants.

95.     Defendants continue to assert ownership of the Property at Plaintiffs' expense.

96.     It would be unjust should Defendants be able to benefit considering that the subject loan was obtained through fraudulent means.

97.     As a direct and proximate result of Defendants' actions, equity and good conscience require that Defendants be required to return exclusive property rights and legal title to the Property to Plaintiffs.

**AS AND FOR A SEVENTH CAUSE ACTION**
**(Violations of the Truth in Lending Act, 15 U.S.C § 1601 et seq. and)**
**(Regulation Z of the Federal Reserve Board, 12 C.F.R. § 226.1)**
**(As Against Unison, Equity Exchange and Odin)**

98.     Plaintiffs repeat and re-allege each and every allegation contained hereinabove as if fully set forth herein at length.

99.     Unison violated the Truth in Lending Act, 15 U.S.C § 1601 et seq. ("TILA") by allowing Plaintiffs to enter into a loan agreement which was wholly unsuitable for them.

100.    The transaction that is the subject matter of this Complaint was and is a consumer-credit transaction within the meaning of TILA.

101.    Defendants violated TILA by failing to provide Plaintiffs with accurate material disclosures required under TILA and not taking into account the intent of the statute which was to fully inform home buyers of the pros and cons of a credit transaction in a language (both written and spoken) that they can understand and comprehend; and advise them to compare similar products with other lenders. It also requires Defendants to offer other loan products that

might be more advantageous for Plaintiffs under the same qualifying matrix.

102.    Unison extended or offered credit for which a finance charge is or may be imposed or which by written agreement, is payable in more than four installments, and is the person or entity to which that transaction is subject to this action and is initially payable, making Defendants a creditor under 15 U.S.C. § 1602 (f) and regulation Z 12 C.F.R. § 226.2 (a) (17).

103.    Plaintiffs executed a Security Agreeement and a Mortgage which are consumer credit transactions within the meaning of 15 U.S.C. § 1601 and regulation Z, 12 C.F.R. § 226.

104.    That transaction is governed by the Truth in Lending Act, 15 U.S.C § 1601 and regulation Z, 12 C.F.R. § 226.

105.    Defendants failed to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C § 1638 (b) and regulation Z Section 226.17 (a).

106.    Defendants failed to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632 (a) and regulation Z § 226.17 (a).

107.    Defendants failed to include as finance charges certain charges imposed by Defendants payable by Plaintiffs incident to the extension of credit as required by 15 U.S.C. § 1605 and regulation Z § 226.4, thus improperly disclosing finance charges in violation of 15 U.S.C § 1638 (a) and regulation Z § 226.18 (d).

108.    Defendants improperly represented a loan as an investment in violation of 15 U.S.C. § 1638 (a) (2) and regulation Z § 226.18 (b).

109.    As a further direct and proximate result of defendants' conduct Plaintiff lost substantial equity in his home.

110.    As a direct and proximate result of Defendants conduct, Plaintiffs are permanently

burdened by the fraudulent and unlawful agreement made by Defendants.

111.    By reason for the foregoing violations of the act and regulation Z, Plaintiff is liable to Defendants actual damages to be established at trial along with attorney's fees and costs in accordance with 15 U.S.C. § 1640.

**AS AND FOR A EIGHTH CAUSE ACTION**
**(Violations of New York Banking Law Article 12)**
**(As Against Unison, Equity Exchange and Odin)**

112.    Plaintiffs repeat and re-allege each and every allegation contained hereinabove as if fully set forth herein at length.

113.    Unison violated New York Banking Law Article 12, by breaching its duty to exercise good faith and fair dealing with Plaintiffs, causing damages equal to the amount of the loan.

114.    Unison's breach of the duty to exercise good faith and fair dealing with Plaintiffs results from Unison's improvident and predatory nature of material terms of the Mortgage.

115.    As a matter of equity, this Court should vitiate the purported mortgage because it would be inequitable, unjust, and under the circumstances of this case to render the mortgage valid.

116.    As a matter of equity, this Court should vitiate the purported mortgage and Unison is estopped from enforcing any agreement between it and Plaintiffs because of Unison's misleading conduct.

117.    Based on the aforementioned violations, Plaintiffs are entitled to recoup all payments made or required to be paid under the terms of the loan transactions and are entitled to statutory damages, in the amount of payments made or required to be made and damages, actual damages to be established at trial along with attorney's fees and costs.

## AS AND FOR A NINTH CAUSE ACTION
### (Fraudulent Concealment)
### (As Against All Defendants)

118.    Plaintiffs repeat and re-allege each and every allegation contained hereinabove as if fully set forth herein at length.

119.    Defendants used dozens of documents, contracts and fine print to conceal the fact that they would be encumbering the property with a new mortgage and would prevent further refinancing.

120.    Defendants concealed the "option" aspect of the payment as it is not mentioned anywhere on their website or advertisements but only in the fine print.

121.    Defendants knew or should have known these facts, as they drafted the contracts and filed the mortgage, all while concealing it from the Plaintiffs.

122.    Defendant knew or should have known that had the truth been disclosed, Plaintiff would not have granted the equity in his house as a "partnership".

123.    Defendant intended to induce Plaintiff based on these material misrepresentations and improper disclosures.

124.    Plaintiffs' reasonable reliance upon the misrepresentation was detrimental. Defendants failure to properly disclose true and material terms of the transaction, prevented Plaintiffs from knowing the many issues that were hidden in the fine print of the contract.  Plaintiffs should have known that what Defendants described as "co-investing" in their property would be in fact a minimal upfront payment in exchange for a large equity stake in their home and a new mortgage.

125.    As a direct and proximate result of these and other misrepresentations and concealments, Plaintiffs were damaged with the loss of equity and were placed in a restrictive partnership that

doesn't allow for proper value to be obtained from their home.

126.    In addition, to the aforementioned Axis provided a below market appraisal when evaluating the property.

127.    In addition, to the aforementioned upon information and belief, Unison, instructed Axis to provide a below market appraisal when evaluating the property.

128.    In addition, to the aforementioned Unison offered no opportunity for the Plaintiffs to seek outside legal counsel or guidance.

129.    The valuation assessed by Unison in its determination of the Property were grossly undervalued and/or unconscionable.

130.    The cash payment was provided to Plaintiffs without proper basis, review and valuation of the Property.

131.    The conduct of Defendants in extending the cash payment, was predatory in nature and the mortgage and other agreements executed in connection with the transaction is unenforceable, null and void.

132.    The Defendants have engaged in unconscionable lending and/or investment practices; in failing to follow specific procedural guidelines for securing their investment; and in purposefully causing Plaintiffs' property to be appraised undervalue.  All constituting a lack of good faith, thwarting the Plaintiffs ability to properly make an educated decision.

133.    Axis engaged in a fraudulent appraisal process  and issued an appraisal of the Property  at a lower appraisal rate constituting a lack of good faith, thwarting the Plaintiffs ability to properly make an educated decision.

134.    As a result of the Defendants actions, the Plaintiff has been caused to sustain substantial

financial loss and damages, incur significant legal fees to alleviate this injustice, as well as causing him to suffer severe emotional distress.

135.    Defendants knew or should have known that had the truth been disclosed, Plaintiff would not have entered into the subject transaction.

136.    Defendant intended to induce Plaintiff based on these misrepresentations and improper disclosures.

137.    Plaintiffs reasonable reliance upon the misrepresentations was detrimental. But for failure to disclose the true and material terms of the transaction, Plaintiffs could have been alerted to issues of concern. Plaintiffs would have known of Defendants true intentions and profits from the payments to Plaintiffs. Plaintiff would have known that the actions of Defendant would have an adverse effect on the value of Plaintiff's home.

138.    Defendants' failure to disclose the material terms of the transaction induced Plaintiffs to enter into an unconscionable and unlawful agreement and accept as alleged herein.

139.    Defendants were aware of the misrepresentations and profited from them.

140.    As a direct and proximate result of the misrepresentations and concealment Plaintiffs were damaged in an amount to be proven at trial, including but not limited to costs of Loan, damage to Plaintiff's financial security, emotional distress, and Plaintiff has incurred costs and previous attorney's fees in an amount to be determined at trial but in no event less than 1 million dollars.

### AS AND FOR A TENTH CAUSE ACTION
### (Punitive Damages)
### (As Against All Defendants)

141.    Plaintiffs repeat and re-allege each and every allegation contained hereinabove as if fully

set forth herein at length.

142.     Defendants are guilty of malice, fraud and/or oppression.

143.     Defendants' actions were malicious and done willfully in conscious disregard of the rights and safety of Plaintiff in that the actions were calculated to injure Plaintiff.

144.     Defendant is guilty of fraud and their actions were done willfully in conscious disregard of the rights of the Plaintiffs.

145.     The actions of Defendants, as set forth herein, have resulted in the Plaintiff being threatened with the loss of the Property.

146.     This outcome has been created without any right or privilege on the part of the defendants, and, as such their actions constitute outrageous or reckless conduct on the part of Defendants.

147.     Defendants' conduct claiming the right to title on a property in which they have no right, title, or interest-is so outrageous and extreme that it exceeds all bounds which is usually tolerated in a civilized community.

148.     The conduct of Defendants, as herein described, was so vile, base, contemptible, miserable, wretched, and loathsome that it would be looked down upon and despised by ordinary people. Plaintiff is therefore entitled to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar conduct.

149.     As such, Plaintiffs are entitled to recover in addition to actual damages, punitive damages to deter the Defendant from engaging in future misconduct.

**AS AND FOR AN ELEVENTH CAUSE ACTION**
**(Unconscionable Contract)**
**(As Against Unison, Equity Exchange and Odin)**

150.   Plaintiffs repeat and re-allege each and every allegation contained hereinabove as if fully set forth herein at length.

151.   The actions of Defendants as set forth herein, resulted in Plaintiffs being forced, tricked, and misled into giving away the majority of the equity in their home.

152.   Defendants used the fact that the Plaintiffs were unsophisticated homeowners and that Plaintiffs desperately needed money to convince Plaintiffs that this was a fair and reasonable transaction.

153.   Defendants did not suggest that the Plaintiffs retain any outside council or guidance and waited until the end of a month's long process to provide an under market appraisal of the value of the home.

154.   Defendants intended to exploit Plaintiffs' special disadvantage and deny Plaintiffs rights to the Property.

155.   Defendants, intentionally misrepresented to Plaintiff that Defendants were entitled to a percentage of Plaintiffs' ownership interest. In fact, Defendants were not entitled to do so and have no legal, equitable, or actual beneficial interest whatsoever in the Property.

156.   Defendants failure to disclose the material terms of the transaction induced Plaintiff to enter into the loan as alleged herein.

## AS AND FOR A TWELFTH CAUSE ACTION
### (Quiet Title)
### (As Against Unison, Equity Exchange and Odin)

157.   Plaintiffs repeat and re-allege each and every allegation contained hereinabove as if fully set forth herein at length.

158.   Defendant Unison claims an interest and estate in the Property adverse to Plaintiffs in that

Defendant Unison asserts it is the owner of over 68% of the Property.

159. The claims of Unison are without any legal right whatsoever, and Unison has no estate, title, lien or interest in or to the Property, or any part of the Real Property.

160. Unison claims some estate, right, title, lien or interest in or to the Property adverse to Plaintiffs' title, and these claims constitute a cloud on Plaintiffs' title to the Property.

161. Plaintiffs, therefore, allege upon information and belief, that defendants Unison, Equity Exchange and Odin does not hold a perfected and secured claim in the Property; and are estopped and precluded from asserting a claim against the Property.

162. Plaintiffs therefore request a judicial determination of the rights, obligations and interest of the parties with regard to the Property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the Property.

163. Plaintiffs request that all adverse claims to the Property be determined by a decree of this court.

164. Plaintiffs requests the decree declare and adjudge that Plaintiffs are entitled to the exclusive possession of the property.

165. Plaintiffs request the decree declare and adjudge that Plaintiffs own in fee simple, and is entitled to the quiet and peaceful possession of, the Property.

166. Plaintiffs request the decree declare and adjudge that Defendants, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the property.

167. Plaintiffs request the decree permanently enjoin Unison, Equity Exchange and Odin, and

all persons claiming under them, from asserting any adverse claim to Plaintiffs' title to the Property; and Plaintiffs request the court award Plaintiffs' costs of this action, and such other relief as the court may deem proper.

## AS AND FOR A THIRTEENTH CAUSE ACTION
### (Declaratory Relief )
### (As Against All Defendants)

168.    Plaintiffs repeat and re-allege each and every allegation contained hereinabove as if fully set forth herein at length.

169.    Plaintiffs should be the equitable owner of the Property.

170.    Plaintiffs seek to quiet title as of the date of the filing of this complaint.

171.    An actual controversy has arisen and now exists between Plaintiffs and Defendants specified hereinabove regarding Plaintiffs' respective rights and duties in the Property. Plaintiffs request a judicial determination of the rights, obligations and interest of the parties regarding the subject property, and such determination is necessary and appropriate under the circumstances so that all parties may ascertain and know their rights, obligations and interests regarding the subject property.

172.    Plaintiffs are the equitable owners of the Property.

173.    Plaintiffs therefore request a judicial determination of the rights, obligations and interest of the parties with regard to the Property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the Property.

174.    Plaintiffs seek to quiet title as of the date of the filing of this Complaint. Plaintiffs seek a judicial declaration that the title to the Subject Property is vested in Plaintiffs alone and that the

Defendants be declared to have no interest estate, right, title or interest in the subject property and that the Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiffs' rights.

## AS AND FOR A FOURTEENTH CAUSE ACTION
### (Declaratory Relief )
### <u>(As Against All Defendants)</u>

175.     Plaintiffs repeat and re-allege each and every allegation contained hereinabove as if fully set forth herein at length.

176.     The mortgage should be deemed illegal and violative of New York Law and against public policy.

177.     Defendants purposely set in place a system that failed to disseminate accurate information to ensure that Plaintiffs and other consumers would enter into a transaction that would unlawfully transfer their ownership interest in their residence to Unison.

178.     Defendants' actions have caused Plaintiffs and numerous other consumers to unknowingly transfer a substantial percentage of their ownership interest in their homes to Defendants.

179.     Upon information and belief Defendants' actions are not isolated incidents and instead reflect a pervasive pattern of practice.

180.     Plaintiffs' experiences of this case reveals that, Defendants' flagrant disregard for New York Law and public policy apparently persists. It is well past the time for such practices to end.

181.     Defendants' misconduct is so egregious that a declaratory judgment must be granted declaring the subject transaction especially the Mortgage against them void.

182.     An actual controversy has arisen and now exists between Plaintiffs and Defendants

specified hereinabove regarding Plaintiffs' respective rights and duties in the Property. Plaintiffs request a judicial determination of the rights, obligations and interest of the parties regarding the subject property, and such determination is necessary and appropriate under the circumstances so that all parties may ascertain and know their rights, obligations and interests regarding the subject property.

183.    Plaintiffs are the equitable owners of the Property.

184.    Plaintiffs therefore request a judicial determination of the rights, obligations and interest of the parties with regard to the Property, and such determination is necessary and appropriate at this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the Property.

185.    Plaintiffs seek a judicial declaration that the title to the Subject Property is vested in Plaintiffs alone and that the Defendants be declared to have no interest estate, right, title or interest in the subject property and that the Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiffs' rights, and declaring the subject transaction especially the Mortgage against them void.

### AS AND FOR A FIFTEENTH CAUSE ACTION
#### (Breach of Fiduciary Duty)
#### (As Against All Defendants)

186.    Plaintiffs repeat and re-allege each and every allegation contained hereinabove as if fully set forth herein at length.

187.    Defendants had a duty to deal with the Plaintiffs in a fair and transparent manner.

188.    Defendants breached their duty by not disclosing all the details of the transaction.

189.    Defendants breached their duty by not disclosing all the details of the transaction.

190. This breach directly caused the Plaintiffs to grant a large portion of the equity in his home.

191. This resulted in damages of a large portion of future earnings in the homes appreciation.

192. As a direct and proximate result of Defendants conduct Plaintiffs were damaged in an amount to be proven at trial, but in no event less than 1 million dollars.

**AS AND FOR A SIXTEENTH CAUSE ACTION**
**(Slander of Title)**
**(As Against All Defendants)**

193. Plaintiffs repeat and re-allege each and every allegation contained hereinabove as if fully set forth herein at length.

194. Defendants disparaged Plaintiffs exclusive valid right to title by through the preparing, posting, publishing, and recording of the documents previously described herein, including, but not limited to, the Mortgage and other documents evidencing ownership of the Property by a party who does not possess that right.

195. Defendants knew or should have known that such documents were improper in that at the time of the execution and delivery of said documents, defendants had no right, the, or interest in the Property. These document were naturally and commonly to be interpreted as denying, disparaging, and casting doubt upon Plaintiffs' legal title to the Property. By posting, publishing, and recording the documents, Defendants' disparagement of Plaintiffs legal title was made to the world at large.

196. The claim of Defendants constitute a cloud on Plaintiffs title to the property.

197. Plaintiffs therefore request a judicial determination of the rights, obligations and interest of the parties with regard to the Property, and such determination is necessary and appropriate at

this time under the circumstances so that all parties may ascertain and know their rights, obligations and interests with regard to the Property.

198.     As a direct and proximate result of Defendants' conduct in publishing these documents, Plaintiff's title to the Property has been disparaged and slandered, and there is a cloud on Plaintiff's title, and Plaintiff has suffered, and continues to suffer, damages in an amount to be proven at trial but in no event less than 1 million dollars.

199.     As a further proximate result of Defendants' conduct, Plaintiffs have incurred expenses in order to clear title to the Property. Moreover, these expenses are continuing, and Plaintiffs will incur additional charges for such purpose until the cloud on Plaintiffs' title to the property has been removed. The amounts of future expenses and damages are not ascertainable at this time.

200.     At the time that the false and disparaging documents were created and published by Defendants, Defendants knew the documents were false and created and published them with the malicious intent to injure Plaintiffs and deprive them of their exclusive right, title, and interest in the Property, and to obtain the Property for Defendants' own use by unlawful means.

201.     The conduct of Defendants in publishing the documents described above was fraudulent, oppressive, and malicious. Therefore, Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish Defendants for their malicious conduct and deter such misconduct in the future.

202.     Plaintiffs request the court award damages to be determined at trial but in no event less than 1 millions dollars plus the cost of this action, and such other relief as the court may deem proper.

## AS AND FOR A SEVENTEENTH CAUSE ACTION
### (Rescission)
### (As Against All Defendants)

203.    Plaintiffs repeat and re-allege each and every allegation contained hereinabove as if fully set forth herein at length.

204.    An actual controversy now exists between Plaintiff, who contends he has the right to rescind the loan on the subject Property alleged in this Complaint, and based on information and belief, Defendants deny that right.

205.    Plaintiff is entitled to rescind the Mortgage Loan/Ownership Agreement

206.    The Truth in Lending Act, 15 U.S.C. §1601, et.seq. extends Plaintiff's right to rescind a loan to three years from the date of closing if the borrower received false or incomplete disclosures of either the loans terms or Borrower's rights to rescind. Here, Defendants have failed to properly disclose the details of the loan. Specifically, the initial disclosures do not initial TILA disclosures, and lack of diligence and collusion on the part of the broker, lender and underwriter to place Plaintiff in a loan he could not afford and would ultimately benefit Defendants following the negative amortization that accrued.

207.    The public interest would be prejudiced by permitting the alleged contract to stand; such action would regard an unscrupulous lender.

## AS AND FOR AN SEVENTEENTH CAUSE ACTION
### (Temporary Restraining Order and for Injunctive Relief)
### (As Against All Defendants)

208.    Plaintiffs repeat and re-allege each and every allegation contained hereinabove as if fully set forth herein at length.

209.    Plaintiffs are the record title holder of the Property and are now being threatened with

irreparable injury by the conduct of Defendants.

210.    Plaintiffs will continue to be in jeopardy of injury by Defendants' wrongful conduct by the coloring their title, causing irreparable injury by denying them the right to assert their ownership rights.

211.    Plaintiffs have no adequate remedy at law for both the factual and threatened injuries herein described. Plaintiffs' real property residence and rights involved are non-fungible and utterly unique so that it will be impossible to accurately measure in monetary terms, the damage caused by Defendants' wrongful conduct.

212.    Plaintiffs have no other plain, speedy or adequate remedy and injunctive relief is necessary and appropriate at this time to prevent irreparable loss to Plaintiffs. Plaintiffs have suffered and will continue to suffer in the future unless Defendants' wrongful conduct is restrained and enjoyed because real property is inherently unique and it will be impossible for Plaintiff to determine the precise amount of damage it will suffer.

213.    Defendants' numerous violations of federal and state statute and inability to establish a claim of right to an ownership interest in the Property; establishes Plaintiffs' claim as more probable than not and Plaintiffs will likely prevail at the time of trial.

214.    Plaintiff requests the decree permanently enjoin defendants, and all persons claiming under them, from asserting any adverse claim to plaintiff's title to the property.

WHEREFORE demands judgment:

(i) For Compensatory Damages in an amount to be determined by proof at trial but in no event less than 1 million dollars;

(ii) For Special Damages in an amount to be determined by proof at trial but in no event less

than 1 million dollars;

(iii) For General Damages in an amount to be determined by proof at trial but in no event less than 1 million dollars;

(iv)For Punitive Damages as allowed by law but in no event less than 1 million dollars;

(v) For Restitution as allowed by law but in no event less than 1 million dollars;

(vi)Declaring that Defendants, and all persons claiming under or acting in concert with Defendants, be forever enjoined from any and all claims to an estate or other interest in the Property;

(vii) Declaring Plaintiffs as having absolute rights to the Property;

(viii) Declaring that complete title and possession of the Property is vested solely in Plaintiff and that Plaintiff may remain in the exclusive possession thereof;

(ix)Granting temporary, preliminary, and permanent injunctive relief enjoining Defendants, and all persons claiming under or acting in concert with Defendants, from interfering with Plaintiff's title, possession, use and enjoyment of the Property;

(x) and for such other and further relief as may be reasonable under the circumstances.

Dated: Rockville Centre, New York
May 28, 2021

Law Offices of Charles Wertman P.C.

By: Charles Wertman
*Attorneys for Plaintiffs*
100 Merrick Road, Suite 304W
Rockville Centre, New York 11570
(516) 284-0900
charles@cwertmanlaw.com

Page 30 of 30



# NYSCEF - Nassau County Supreme Court
# Confirmation Notice



The NYSCEF website has received an electronic filing on 05/28/2021 02:56 PM. Please keep this notice as a confirmation of this filing.

### 606808/2021
### YISROEL WEINGOT et al v. UNISON AGREEMENT CORP. et al
### Assigned Judge: None Recorded

## Documents Received on   05/28/2021 02:56 PM

| Doc # | Document Type |
|---|---|
| 1 | SUMMONS + COMPLAINT |

## Filing User

Charles Wertman | charles@cwertmanlaw.com | (516) 359-1334
100 Merrick Road, Suite 304w, Rockville Centre, NY 11570

## E-mail Notifications

An email regarding this filing has been sent to the following on 05/28/2021 02:56 PM:

**CHARLES WERTMAN - charles@cwertmanlaw.com**

## Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Respondent | UNISON AGREEMENT CORP. | No consent on record. |
| Respondent | REAL ESTATE EQUITY EXCHANGE INC. | No consent on record. |
| Respondent | ODIN NEW HORIZON REAL ESTATE FUND LP. | No consent on record. |
| Respondent | AXIS APPRAISAL MANAGEMENT SOLUTIONS | No consent on record. |

\* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

**Maureen O'Connell, Nassau County Clerk - http://www.nassaucountyny.gov/agencies/Clerk/index.html**
Phone: 516-571-2660     Website: http://www.nassaucountyny.gov/agencies/Clerk/index.html

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of 2



# NYSCEF - Nassau County Supreme Court
# Confirmation Notice



**606808/2021**
**YISROEL WEINGOT et al v. UNISON AGREEMENT CORP. et al**
**Assigned Judge: None Recorded**

---

**Maureen O'Connell, Nassau County Clerk - http://www.nassaucountyny.gov/agencies/Clerk/index.html**
Phone: 516-571-2660     Website: http://www.nassaucountyny.gov/agencies/Clerk/index.html

## NYSCEF Resource Center, nyscef@nycourts.gov
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile