McGuireWoods LLP
Tower Two-Sixty
260 Forbes Avenue
Suite 1800
Pittsburgh, PA 15222
Tel 412.667.6000
Fax 412.667.6050
www.mcguirewoods.com

**Lindsay B. Jakubowitz**
Direct:   212.548.2159

McGuireWoods

LJakubowitz@mcguirewoods.com

September 10, 2021

***VIA ECF***
Honorable Joanna Seybert
Alfonse M. D'Amato Federal Building
United States District Court
100 Federal Plaza, Courtroom 1030
Central Islip, New York 11722

   Re: *Weingot v. Unison Agreement Corp.*, Case No. 2:21-cv-04542-JS-AYS

Hon. Judge Seybert:

We represent Unison Agreement Corp. ("Unison"), Real Estate Equity Exchange Inc., and Odin New Horizon Real Estate Fund L.P. (collectively, "Defendants") in the above-referenced action. In accordance with Your Honor's Individual Rules, we write to request a pre-motion conference seeking leave to file a motion to dismiss Yisroel Weingot and Suri Weinberger's ("Plaintiffs") complaint under Rule 12(b)(6).[1] This letter summarizes Defendants' grounds for such a motion.

**Factual Background and Allegations**: Plaintiffs' complaint, initially filed in the Supreme Court of the State of New York, County of Nassau and removed to this Court, alleges 18 claims against Defendants related to a real estate agreement (the "Agreement") where Defendants paid Plaintiffs $125,000 in exchange for an option to purchase a percentage interest in the future appreciation of real property located at 973 Benton Street, Woodmere, NY 11598 (the "Property"). Compl. ¶¶ 31-53, 120, 124. The parties recorded a consensual lien against the Property, securing Plaintiffs' performance under the Agreement. *Id*., ¶¶ 52-53, 205.  Plaintiffs now challenge the Agreement by asserting it is a disguised "high-interest loan" and that Defendants "concealed the option[.]" *Id*., ¶¶ 22, 120, 124. Based on these allegations, Plaintiffs bring claims for fraud, violations of the Truth in Lending Act ("TILA") and NY Banking Law Article 12 ("Article 12"), unconscionable contract, breach of fiduciary duty, and quiet title, among other claims. They seek over $1,000,000 in damages, restitution, rescission, declaratory and equitable relief, and punitive damages.

**Plaintiffs' Fraud Claims Fail Under Rule 9(b) and 12(b)(6)**:  Plaintiffs assert four fraud claims, each premised on Defendants providing false or misleading information or concealing the nature of the Agreement. Fraud is subject to heightened pleading standards under Rule 9(b), requiring (1) detailed allegations of the fraudulent statements or omissions, (2) identity of the speaker, (3) where and when the statements (or omissions) were made, and (4) why they are fraudulent. *Eternity Global Master Fund v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004).

---

[1] Based on Your Honor's Individual Rules, Defendants understand their letter stays their deadline to respond to the complaint.

Plaintiffs must plead fraudulent intent for a misrepresentation claim [*Greene v. Gerber Prods.*, 262 F.Supp.3d 38, 73 (E.D.N.Y. 2017)] and additional elements for concealment, including: a duty to disclose, knowledge, failure to discharge the duty, reliance, and damages. *Woods v. Maytag*, 807 F.Supp.2d 112, 124 (E.D.N.Y. 2011).

Plaintiffs' claims each fail. First, Plaintiffs allege "false representations," but do not identify *who* made *what* statement and *how* the statements were false. Second, Plaintiffs allege omissions of the nature of the option [Compl. ¶¶ 73, 90], but concede the terms were in the Agreement, a fact confirmed by publicly recorded documents, which are subject to judicial notice. *Id*., ¶¶ 120, 124; *Agu v. Rhea*, 2010 U.S. Dist. LEXIS 132706, at *17 (E.D.N.Y. Dec. 15, 2010) (a court need not accept as true allegations contradicted by facts judicially noticed). Plaintiffs simply cannot allege a fraud claim based on their failure to read the Agreement. *Martino v. Kaschak*, 617 N.Y.S.2d 529 (1994) (a party must read a document before signing and cannot avoid its effect by not knowing its content). Third, Plaintiffs fail to allege Defendants had a duty to disclose or the requisite scienter for a concealment claim. Finally, Plaintiffs do not allege actual loss due to Defendants' conduct, as Plaintiffs lost no funds (and concede Defendants *paid* them (Compl. ¶¶ 52-53)) and cannot assert they lost property where Plaintiffs do not allege Defendants exercised the option. *See id*.; *Kaplan v. Lippman*, 75 N.Y.2d 320, 325 (1990) (optionee is not bound until option is exercised). Thus, any harm from a potential, future transfer of ownership is "remote, speculative or undeterminable." *Passiglia v. Northwell Health*, 252 F.Supp.3d 129, 139 (E.D.N.Y. 2017).

**Plaintiffs' Claim Under TILA is Time-Barred**: TILA rescission claims are subject to a three-year statute of limitations, while damages claims are subject to one year running "from the date of consummation of the transaction. 15 U.S.C. §§ 1635(f), 1640(e); *Reinhart v. Citimortgage*, 2016 WL 1259413, at *6 (N.D.N.Y. Mar. 30, 2016); *Cardiello v. The Money Store*, 2001 WL 604007, at *3 (S.D.N.Y. June 1, 2001), *aff'd sub nom*. *Cardiello v. The Money Store*, 29 F.App'x 780 (2d Cir. 2002). Plaintiffs entered the Agreement on January 12, 2018, yet filed suit in May 2021, more than three years later. Compl. ¶ 52. Thus, Plaintiffs' TILA claims are barred.

**Option Contracts Are Not Covered by TILA**: Regardless, Plaintiffs' theory—that the Agreement constitutes "credit" and is covered by TILA—fails substantively. *Id*., ¶¶ 19-24, 120. TILA, implemented through Reg Z, applies to "credit," which is defined as the right to defer payment of debt. 12 C.F.R. §§ 226.1(e), 226.2(a)(14). The Official Staff Commentary to Reg Z ("Commentary") states "investment plan[s]" and "option contracts" do not constitute "credit." 12 C.F.R. 1026.2, Supp. I cmt. 2(a)(14)(1)(vii), (viii); *see Ford Motor Credit v. Milhollin*, 444 U.S. 555, 565 (1980) (unless demonstrably irrational Federal Reserve Board staff opinions construing TILA are dispositive). An option contract also does not require repayment, a feature distinguishing it from credit. *LG Funding v. United Senior Properties of Olathe*, 122 N.Y.S.3d 309, 312 (2020) (unless an obligation is repayable absolutely, it is not a loan). Courts analyzing similar transactions hold options to participate in the appreciation of real property is "not a loan" under TILA. *Foster v. Equitykey Real Est. Invs. L.P.*, 2017 WL 1862527, at *4 (N.D. Cal. May 9, 2017).

The rationale supporting *Foster* applies here. The Commentary excludes an "option contract" and "investment plan" from "credit" and, therefore, the Agreement is not subject to TILA. 12 C.F.R. 1026.2, Supp. I cmt. 2(a)(14)(1)(vii), (viii). Even if it were not excluded, the Agreement contains no elements of credit, as Defendants have no unconditional right to recover the payment made to Plaintiffs. If the Property does not appreciate, Defendants realize no benefit, and lose money. Thus, Defendants act as an investor and risks the loss of its payment and shares only in any gain or loss. For these reasons, the Agreement is not subject to TILA as a matter of law.

**N.Y. Banking Law Article 12 Provides No Private Right of Action**: Plaintiffs allege Defendants violated Article 12 [Compl. ¶ 113], but the statute provides no private right of action. N.Y. Banking Law §§ 507, 514. Even if it did, Plaintiffs fail to support their claim with facts aside from unspecific conclusory allegations. *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

**Plaintiffs Fail to Support Their Claim of Unconscionability**: A contract is unconscionable when it is "so grossly unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforceable[.]" *Gillman v. Chase Manhattan Bank*, 73 N.Y.2d 1, 10 (1988). Procedural unconscionability concerns "contract formation [] and the alleged lack of meaningful choice; the substantive element looks to the content of the contract, per se." *State v. Wolowitz*, 468 N.Y.S.2d 131, 145 (1983). Plaintiffs cannot allege they lacked meaningful choice, or that Defendants employed high-pressure tactics, as they spent over 3 months negotiating the Agreement amongst "different options," and could have negotiated different terms, disputed the independent appraisal, or chose not to enter into the Agreement. Compl. ¶ 151. Plaintiffs however, signed the Agreement and are therefore charged with knowing its contents. *Horvath v. Banco Comercial Portugues*, 461 Fed.Appx. 61, 63 (2d Cir. 2012). This alone rebuts Plaintiffs' contention that the Agreement was unconscionable because it was only disclosed in "fine print." Compl. ¶¶ 120, 124. The publicly recorded documents entirely contradict this claim as well.

**Plaintiffs Fail to Allege a Fiduciary Duty or Breach Thereof**: For a breach of fiduciary duty claim, Plaintiffs must allege the existence of a fiduciary duty, defendant's breach, and damages. *Ellington Credit Fund v. Select Portfolio Servicing*, 837 F.Supp.2d 162, 191 (S.D.N.Y.2011). A creditor/debtor relationship does not typically impose a fiduciary duty. *Bank Leumi Trust Co. of N.Y. v. Block 3102*, 580 N.Y.S.2d 299, 301 (1992). Arm's-length agreements, including option contracts, also do not generally create fiduciary duties. *Conwill v. Arthur Andersen*, 12 Misc. 3d 1171(A), *11 (Sup. Ct. 2006) (unreported disposition); *Kaminsky v. Kahn*, 20 N.Y.2d 573, 584-85 (1967) (option contract insufficient to create fiduciary relationship). Here, Plaintiffs do not allege the existence of a fiduciary duty with Defendants. *Conwill*, 12 Misc. 3d 1171(A), *11 ("…the mere assertion of a fiduciary duty…does not create one without a factual basis from which to infer its existence."). Plaintiffs allege no special relationship and New York law confirms that an option, negotiated at arm's length, does not create fiduciary duties. *Id*.; *Kahn*, 20 N.Y.2d at 584-85. Even if Plaintiffs adequately pled a fiduciary duty, which they have not, the terms were expressly disclosed in the Agreement, which Plaintiffs undisputedly signed. Compl. ¶¶ 52, 120, 124. Plaintiffs' contention that Defendants did not disclose "all the details" [*id*. ¶¶ 188-89] accordingly fails. Plaintiffs' claim also fails for a lack of damages, as set forth above.

**Plaintiffs' Remaining Claims Each Fail for Similar Reasons**: Plaintiffs' remaining claims for unjust enrichment, quiet title, slander of title, punitive damages, and declaratory and equitable relief each fail for similar reasons as asserted herein.

As such, Defendants respectfully request a pre-motion conference for leave to file their motion.

Respectfully submitted,

*/s/ Lindsay Brandt Jakubowitz*
Lindsay Brandt Jakubowitz

cc:   All Counsel of Record (via ECF)