IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------

YISROEL WEINGOT and
SURI WEINBERGER a/k/a SURI WEINGOT,

Plaintiffs,

-against-

UNISON AGREEMENT CORP.,
REAL ESTATE EQUITY EXCHANGE INC.,
ODIN NEW HORIZON REAL ESTATE FUND LP,
and AXIS APPRAISAL MANAGEMENT
SOLUTIONS,

Defendants.

---------------------------------------------------------

Case No. 2:21-cv-04542-JS-AYS

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST <u>AMENDED COMPLAINT</u>**


Alexander J. Gershen (*admitted pro hac vice*)
Jamie D. Wells (*admitted pro hac vice*)
SCALE LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
Telephone: 415.735.5933
agershen@scalefirm.com
jamie.wells@scalefirm.com

Attorneys for Defendants Unison Agreement Corp,
Real Estate Equity Exchange Inc., and Odin New
Horizon Real Estate Fund L.P.

# TABLE OF CONTENTS

**PAGE**


PRELIMINARY STATEMENT .......... 1

LEGAL ARGUMENT .......... 2

I. PLAINTIFFS' CLAIMS ARE TIME-BARRED .......... 2

II. PLAINTIFFS' FRAUD CLAIMS ARE DEFICIENT .......... 3

- A. Plaintiffs Fail to Plead Fraud with Particularity .......... 3
- B. Plaintiffs Also Fail to Allege a Misrepresentation, Reliance, or Pecuniary Loss ... 4

III. PLAINTIFFS DO NOT REBUT THAT THEY LACK STANDING AND FAIL TO ALLEGE THE REQUIRED ELEMENTS FOR THE TITLE RELATED CLAIMS .......... 5

IV. PLAINTIFFS' UNJUST ENRICHMENT CLAIM REMAINS DEFICIENT .......... 6

V. PLAINTIFFS' TILA CLAIM FAILS .......... 6

VI. PLAINTIFFS' N.Y. BANKING LAW CLAIMS REMAINS DEFICIENT .......... 7

VII. PLAINTIFFS STILL FAIL TO ADDRESS THE DEFICIENCIES IN THEIR N.Y. GEN. BUS. LAW §§ 349-350 CLAIMS .......... 8

VIII. PLAINTIFFS OPPOSITION FAILS TO SUFFICIENTLY ALLEGE ANY FACTS OF PROCEDURAL OR SUBSTANTIVE UNCONSCIONABILITY .......... 9

IX. RESCISSION IS NOT A STANDALONE CLAIM AND PLAINTIFFS STILL PROVIDE NO SUPPORT FOR SUCH A THEORY .......... 9

X. PLAINTIFFS' OPPOSITION FAILS TO REMEDY THEIR DEFICIENT DECLARATORY RELIEF OR INJUNCTIVE RELIEF THEORIES .......... 10

CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Federal Cases**

*Agu v. Rhea*,
2010 U.S. Dist. LEXIS 132706 (E.D.N.Y. Dec. 15, 2010) ..... 4

*Barry v. Maroc*,
2022 U.S. Dist. LEXIS 122225 (S.D.N.Y. 2022) ..... 2

*Benex LC v. First Data Merch. Servs. Corp.*,
2016 U.S. Dist. LEXIS 33849 (E.D.N.Y. Mar. 16, 2016) ..... 6

*Boniel v. U.S. Bank N.A.*,
2013 U.S. Dist. LEXIS 16247 (E.D.N.Y. 2013) ..... 7

*Cable First Constr. v. Lepetiuk Eng'g Corp.*,
2021 U.S. Dist. LEXIS 129324 (S.D.N.Y. July 12, 2021) ..... 10

*DiVittorio v. Equidyne Extractive Indus., Inc.*,
822 F.2d 1242 (2d Cir. 1987) ..... 3

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*,
375 F.3d 168 (2d Cir. 2004) ..... 3

*Horvath v. Banco Comercial Portugues, S.A.*,
461 Fed.Appx. 61 (2d Cir. 2012) ..... 2

*Kabrovski v. City of Rochester*,
149 F. Supp. 3d 413, 422 (W.D.N.Y. 2015) ..... 5

*Mid-Hudson Catskill Rural Migrant Ministry v. Fine Host Corp.*,
418 F.3d 168 (2d Cir. 2005) ..... 6

*Next Communications. v. Viber Media*,
2016 WL 1275659 (S.D.N.Y. 2016) ..... 6

*Palmer v. City of New York*,
564 F.Supp.3d 221, 238 (E.D.N.Y. 2021) ..... 4

*Redtail Leasing v. Bellezza*,
1997 WL 603496 (S.D.N.Y. Sept. 30, 1997) ..... 4

*Smith v. Mills*,
2021 WL 4133867 (E.D.N.Y. 2021) ..... 2, 3

*St. Maarten v. J.P. Morgan Chase Bank*,
2021 WL 2217503 (E.D.N.Y. 2021) ........................................................................................3

*Zutel v. Wells Fargo Bank, N.A.*,

2014 U.S. Dist. LEXIS 132810 (E.D.N.Y. Sep. 22, 2014) ............................................................5

**State Cases**

*Baker v. 40 Wall St. Holdings Corp.*,
161 N.Y.S.3d 723, 725-26 (N.Y. Sup. Ct. 2022) ..........................................................................2

*Boyarsky v. Froccaro*,
79 N.Y.S.2d 606, 612 (1984) ........................................................................................................7

*Brash v. Richards*,
195 A.D.3d 582 (N.Y. App. Ct. 2021) ..........................................................................................2

*Brown v. Bethlehem Terrace Assocs.*,
525 N.Y.S.2d 978 (N.Y. App. Div. 1988).......................................................................................5

*Cruz v. Guaba*,
2022 N.Y. Misc. LEXIS 474 (N.Y. Sup. Ct. 2022).........................................................................2

*De Fuente v. Preferred Home Care of N.Y. LLC*,
2020 U.S. Dist. LEXIS 187681 (E.D.N.Y. 2020) ..........................................................................9

*Fink v. Shawangunk Conservancy*,
790 N.Y.S.2d 249 (N.Y. App. Div. 2005).......................................................................................5

*Golden v. Steam Heat*,
628 N.Y.S.2d 375 (N.Y. App. Div. 1995).....................................................................................10

*Jeffrey Towers v. Straus*,
297 N.Y.S.2d 450, 454-55 (1969) ..................................................................................................7

*K9 Bytes v. Arch Capital Funding*,
57 N.Y.S.3d 625 (2017)...................................................................................................................8

*Klos v. Polskie Linie Lotnicz*,
133 F.3d 164, 167 (2d Cir. 1997) ...................................................................................................9

*LG Funding v. United Senior Properties of Olathe*,
122 N.Y.S.3d 309 (2020).................................................................................................................8

*Mandarin Trading Ltd. v. Wildenstein*,

884 N.Y.S.2d 47 (2009), *aff'd*, 16 N.Y.3d 173 (2011) .......... 4

*Savitt v. Cantor*,
2019 N.Y. Misc. LEXIS 6080 (N.Y. Sup. Ct. 2019) .......... 6

*Sands v. Ticketmaster-New York*,
616 N.Y.S.2d 362 (N.Y. App. Div. 1994) .......... 8

*Sokolow v. Lacher*,
747 N.Y.S.2d 441 (App. Div. 2002) .......... 10

*State v. Wolowitz*,
468 N.Y.S.2d 131, 145 (1983) .......... 9

*Zuniga v. BAC Home Loans Servicing*,
47 N.Y.S.3d 374 (N.Y. App. Div. 2017) .......... 5

**State Statutes**

N.Y. Gen. Bus. Law § 349 .......... 2

N.Y. Gen. Bus. Law § 350 .......... 2

**Federal Rules**

Fed. R. Civ. P. 9(b) .......... 3

Fed. R. Civ. P. 12(b)(6) .......... 4

**Other Sources**

1 Mortgages and Mortgage Foreclosure in N.Y. § 4.4 .......... 7

## PRELIMINARY STATEMENT

Yisroel Weingot and Suri Weinberger aka Suri Weingot's ("Plaintiffs") amended complaint fails to correct the deficiencies contained in their original complaint—deficiencies this Court acknowledged when granting Plaintiffs leave to file an amended complaint–namely, that many of Plaintiffs' claims are time-barred, duplicative, and do not state a claim for relief. Instead, Plaintiffs present the same unsupported theories without regard to the Court's guidance. Plaintiffs oppose Defendants'[1] motion to dismiss, but entirely fail to address the bulk of Defendants' motion and when they do, provide nothing more than unsupported and nonsensical arguments.

For example, Plaintiffs raise a statute of limitations tolling issue inapplicable to the facts alleged. Plaintiffs also do not refute that the purported fraudulent statements, contained in the plain language of the option contract, are in-fact accurate, and therefore, not fraudulent. Instead, Plaintiffs ask the Court to look past the plain language, which they characterize as "indecipherable" with "convoluted calculations." New York law is clear that Plaintiffs are charged with knowing and understanding the straightforward mechanics of the contract which they signed. Most importantly, Plaintiffs cannot overcome Defendants' primary arguments–that the option does not *require* repayment–a critical feature distinguishing it from credit or a loan. Plaintiffs claim the option shares "aspects of a loan," without addressing any of the authority Defendants cite as to what makes a transaction a loan under New York law–a test Plaintiffs implicitly admit they cannot meet, which is fatal to their claims under the Truth in Lending Act ("TILA") and N.Y. Banking Law. In sum, the amended complaint is more of the same and fails to state a claim upon which relief can be granted. Defendants respectfully request this Court grant their motion to dismiss without leave to amend.

---

[1] Unison Agreement Corp. ("Unison"), Real Estate Equity Exchange, Inc., and Odin New Horizon Real Estate Fund L.P. (collectively, "Defendants").

## LEGAL ARGUMENT

### I. PLAINTIFFS' CLAIMS ARE TIME-BARRED

As set forth in Defendants' motion to dismiss, Plaintiffs' claims under N.Y. Banking Law and N.Y. Gen. Bus. Law §§ 349-350 are time-barred as they admittedly were brought 3 years after the relevant events. Plaintiffs argue they have extra time because the New York Governor issued executive tolling orders from March 20, 2020 to November 3, 2020. Opposition ("Opp."), 13-15. In support of their argument, Plaintiffs rely on *Brash v. Richards*, 195 A.D.3d 582 (N.Y. App. Ct. 2021) but their reliance is misguided because this case addressed claims that would have expired before November 3, 2020. *Id*. at 585. Unlike *Brash*, the statute of limitations period for Plaintiffs' claims under New York Banking Law and New York Business Law expired on January 12, 2021, *after* the termination of the executive orders.[2] Courts have repeatedly held that the statute of limitations period for such claims are not affected by the Governor's executive orders.[3]

Additionally, Plaintiffs' TILA claim remains barred by the one-year statute of limitations. In opposition, Plaintiffs assert they only recently discovered the "true nature of the agreements" they long had in their possession when they attempted certain calculations. Opp., 14.[4] "[C]onclusory allegations of non-disclosure, such as hidden costs in documents . . . do not amount the sort of extraordinary circumstances that would warrant tolling [of TILA]." *Latouche v. Wells Fargo Home Mortgage Inc*., 752 Fed.Appx. 11 (2d Cir. 2018). Plaintiffs next argue for application of a "discovery rule," but courts in this circuit consistently state that "TILA's statute of limitations for damages claims 'runs from the time of the occurrence, not the time of discovery[.]'" *Smith v.*

---

[2] To the extent Plaintiffs bring a TILA rescission claim, that claim would have also expired on January 12, 2021.

[3] *See Barry v. Maroc*, 2022 U.S. Dist. LEXIS 122225, at *10 (S.D.N.Y. 2022) (holding the executive orders did not lengthen periods that expired after November 3, 2020); *Baker v. 40 Wall St. Holdings Corp.*, 161 N.Y.S.3d 723, 725-26 (N.Y. Sup. Ct. 2022) (statute of limitations that did not run until April 30, 2021 was not affected by Governor's executive orders); *Cruz v. Guaba*, 2022 N.Y. Misc. LEXIS 474, at *4 (N.Y. Sup. Ct. 2022).

[4] *Horvath v. Banco Comercial Portugues, S.A*., 461 Fed.Appx. 61, 63 (2d Cir. 2012) ("parties are charged with knowing and understanding the contents of documents they knowingly sign.").

*Mills*, 2021 WL 4133867 (E.D.N.Y. 2021) (collecting cases). It is further "held uniformly" that fraudulent conduct beyond the alleged nondisclosure in the document itself is required to toll a TILA claim. *St. Maarten v. J.P. Morgan Chase Bank*, 2021 WL 2217503 (E.D.N.Y. 2021). No such fraudulent conduct such as hiding documents is alleged here and there is no basis to toll the statute of limitations. Thus, Plaintiffs' TILA claim is time-barred as a matter of law.

## II. PLAINTIFFS' FRAUD CLAIMS ARE DEFICIENT

### A. Plaintiffs Fail to Plead Fraud with Particularity

As argued in Defendants' motion to dismiss, the heightened pleading standard under Rule 9(b) requires Plaintiffs to plead, among other things, how Defendants' alleged statements are fraudulent and the nature of each defendant's alleged participation in the fraud. *See Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004), *DiVittorio v. Equidyne Extractive Indus.*, 822 F.2d 1242, 1247 (2d Cir. 1987). Yet, Plaintiffs' fraud claims are brought against "Defendants" generally with no distinction between Defendants and their role in the alleged fraud is unexplained. Mot. to Dismiss ("Mot."), II(A). Plaintiffs made no response.

Additionally, under Rule 9(b) Plaintiffs must "explain why the statements (or omissions) are fraudulent." *Eternity Global,* 375 F.3d at 187. Plaintiffs claim they "explain[] why these statements [are] fraudulent by alleging contradictory statements in the [...] Option[,]" regarding the purported interest Defendants purchased in the Property.[5] Opp., 3. But Defendants explained how the alleged misrepresentations are consistent with the Agreements, and thus that there was no fraud. Mot. II. Plaintiffs offer no counter-reading in which the representations are inconsistent and instead argue the Agreements are "convoluted." Opp., 4. The Agreements Plaintiffs admittedly signed are consistent with the alleged statements Plaintiffs claim are false and belie their fraud claims. Mot. II(A); FAC ¶¶ 37-38, 44-47; RJN, Ex. A, ¶ 1, 10 (Option), Ex. B, ¶¶ 3.3, 4 (Covenant).

[5] The subject property located at 973 Benton Street, Woodmere, New York is referred to as the "Property."

Accordingly, the Court need not accept Plaintiffs' allegation that the agreements are inconsistent as true. *See Agu v. Rhea*, 2010 U.S. Dist. LEXIS 132706, at *17 (E.D.N.Y. Dec. 15, 2010) (allegations contradicted by judicially noticed documents, or exhibits attached or incorporated in the pleading need not be accepted as true). The fraud-based claims should be dismissed.

**B. Plaintiffs Also Fail to Allege a Misrepresentation, Reliance, or Pecuniary Loss**

Plaintiffs' fraud claims fail even if the heightened pleading standard under Rule 9(b) were met. As argued above and further in Defendants' motion to dismiss, Plaintiffs have not—and cannot—allege Defendants made any fraudulent statement as the express terms of the Agreements Plaintiffs signed do not contradict the claimed misrepresentations and thus, are not false. FAC ¶¶ 37-38, 44-47; RJN, Ex. A, ¶ 1, 10 (Option), Ex. B, ¶¶ 3.3, 4 (Covenant). Accordingly, the fraud claims are not plausibly pleaded and are dismissible under Rule 12(b)(6).

There is no substantive response to Defendants' other arguments. For example, as to the appraisal-based claim, it is well-settled that allegations of an inadequate third-party appraisal cannot serve as the basis for a fraud claim. *Mandarin Trading Ltd. v. Wildenstein*, 884 N.Y.S.2d 47, 50 (2009), *aff'd*, 16 N.Y.3d 173 (2011). Plaintiffs do not address this in their opposition and thus abandoned their claim. *See Palmer v. City of New York*, 564 F.Supp.3d 221, 238 (E.D.N.Y. 2021) ("...a claim [is] abandoned when a defendant moves to dismiss that claim and the plaintiff fails to address in opposition papers the defendant's arguments for dismissal.").

Similarly, Plaintiffs do not address, and therefore concede, their failure to allege reasonable reliance, as required to plead fraud. *See Redtail Leasing v. Bellezza*, 1997 WL 603496, at *7 (S.D.N.Y. Sept. 30, 1997) (dismissing for failure to plead facts supporting reliance). The same is true for damages. Plaintiffs do not address or provide support for any pecuniary loss, much less a pecuniary loss due to Defendants' alleged misconduct. To the contrary, Plaintiffs admit they received $115,000 from Defendants. FAC ¶ 46. By not addressing Defendants' arguments,

Plaintiffs concede these points, and their fraud claims necessarily fail as a result. *Kabrovski v. City of Rochester*, 149 F. Supp. 3d 413, 422 (W.D.N.Y. 2015).

## III. PLAINTIFFS DO NOT REBUT THAT THEY LACK STANDING AND FAIL TO ALLEGE THE REQUIRED ELEMENTS FOR THE TITLE RELATED CLAIMS

It is settled law that a plaintiff who admits to entering into a transaction with secured obligations lacks standing to quiet title, s*ee Zutel v. Wells Fargo Bank*, 2014 U.S. Dist. LEXIS 132810, at *12-13 (E.D.N.Y. Sep. 22, 2014), and cannot legitimately argue that a consensual lien wrongfully encumbers the property, *see Zuniga v. BAC Home Loans Servicing*, 47 N.Y.S.3d 374, 376 (N.Y. App. Div. 2017). Mot. VII. Plaintiffs do not address these points. Plaintiffs merely state elements of a quiet title claim and repeat the allegations of the amended complaint. Opp., 4-6. They cite no authority showing any court has accepted quiet title theories with facts similar to those alleged here. Plaintiffs concede they voluntarily signed the Agreements granting Unison a right to put a lien on the Property. That precludes the quiet title claims (Counts 4 and 13).

Similarly, Plaintiffs offer no legal authority showing a recorded lien, to which they agreed, constitutes a "false communication" made with "malice or reckless disregard for the truth" as required to bring a slander of title claim. *See* Opp., 4-5. To the contrary, Plaintiffs admit they voluntarily signed the Agreements and agreed to their terms. FAC ¶¶ 44-47; *see Brown v. Bethlehem Terrace Assocs.*, 525 N.Y.S. 978, 979-80 (N.Y. App. Div. 1988). Plaintiffs' opposition also does nothing to address Defendants' argument that Plaintiffs have not—and cannot—allege Defendants acted with the requisite malice or reckless disregard for the truth, as required. *Fink v. Skawangunk Conservancy*, 790 N.Y.S.2d 249, 251 (N.Y. App. Div. 2005).

Lastly, Plaintiffs' quiet title claims fail because they fail to allege special damages, as they must. Plaintiffs vaguely conclude "[t]he damages are that Plaintiffs no longer have clear title to their home because of the lien created by the Mortgage [,]" [Opp., 6] but as argued in Defendants'

motion to dismiss, general allegations of special damages are insufficient. *See Savitt v. Cantor*, 2019 N.Y. Misc. LEXIS 6080, at *25-26 (N.Y. Sup. Ct. 2019) (dismissing cause of action as a matter of law because complaint failed to adequately plead special damages). Accordingly, Plaintiffs' title-based claims remain deficient as a matter of law.

## IV. PLAINTIFFS' UNJUST ENRICHMENT CLAIM REMAINS DEFICIENT

Despite admitting it is "generally true" that courts dismiss unjust enrichment claims when enforceable contracts govern the relationship, Plaintiffs nonetheless argue their "quasi-contract" claim should be permitted. Opp., 6-7. Plaintiffs rely on *Next Communications. v. Viber Media*, 2016 WL 1275659 (S.D.N.Y. 2016) a trade secrets case where a plaintiff brought unjust enrichment as an alternative theory if the contract did not govern the dispute. Opp., 6-7. Here, however, Plaintiffs' unjust enrichment claim arises from and is inextricably intertwined with the Agreements. *See* FAC ¶¶ 90-94 (conceding Plaintiffs' unjust enrichment claim is premised on the Agreements). This Court should therefore follow the weight of authority that dismisses unjust enrichment claims when, like here, an enforceable contract governs the matter. *See Benex LC v. First Data Merch. Servs. Corp.*, 2016 WL 1069657, at *6 (E.D.N.Y. Mar. 16, 2016).[6]

## V. PLAINTIFFS' TILA CLAIM FAILS

As argued in Defendants' motion to dismiss, Plaintiffs' TILA claim must be dismissed because TILA's disclosure obligations only apply to "credit" and options are not "credit." Mot. at 9-13. In support, Defendants cited: (1) the Official Staff Commentary to the TILA implementing regulation, Reg Z, which explicitly states options are not "credit" under TILA; (2) a federal case holding that TILA did not apply to a similar transaction because it was not credit, and (3) New York legal authority showing the mere existence of a mortgage does not evince a loan. *Id.* Plaintiffs

[6] *See Mid-Hudson Catskill Rural Migrant Ministry v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005).

only address the third argument and do so with an out-of-context quote from an inapplicable case addressing transfer issues. Opp., 7 (*citing Boniel v. U.S. Bank N.A*., 2013 U.S. Dist. LEXIS 16247, at *9 (E.D.N.Y. 2013) (holding that transferring a loan transfers the associated mortgage but transferring a mortgage does not effectively transfer an associated loan).

*Boniel* analyzed an entirely different transaction. *Boniel*, at *4.[7] It has nothing to do with whether the use of a mortgage renders a transaction a loan or whether a mortgage can secure non-monetary obligations. It is long-established New York law that a mortgage may secure a debt *or some other obligation*.[8] Defendants' decision to secure Plaintiffs' performance of non-debt covenants by recording the Mortgage has absolutely no impact on whether the Option is "credit" subject to TILA, which it is not. Accordingly, Plaintiffs cannot assert a TILA claim.[9]

**VI. PLAINTIFFS' N.Y. BANKING LAW CLAIM REMAINS DEFICIENT**

In their motion, Defendants argue that Plaintiffs' claim under N.Y. Banking Law Article 12-D fails because the Option is not a "loan" under New York law as repayment is not required. Plaintiffs do not address Defendants' argument or cited authority. Instead, Plaintiffs offer three sentences: (1) a mere quote of the statutory text; (2) a citation to the conclusory allegation in the amended complaint that Defendants "made a mortgage loan;" and (3) a conclusion that "[t]herefore, the pleading requirements are met." Opp., 8; FAC ¶¶ 111-12. This is not a legitimate

---

[7] *Boniel* addresses whether consolidating loans into a single note and mortgage was effective or whether the signatory to the transaction was not authorized to sign on behalf of the holders of the existing notes. *Id*.

[8] *See*, *e.g.*, *Boyarsky v. Froccaro*, 79 N.Y.S.2d 606, 612 (1984) ("A mortgage imports a debt or obligation to be secured[.]"); *Jeffrey Towers v. Straus*, 297 N.Y.S.2d 450, 454-55 (1969) (mortgage can be secured by an obligation, such as the "doing of a prescribed act"); *see also* 1 Mortgages and Mortgage Foreclosure in N.Y. § 4.4 ("A mortgage may be given to secure performance, just as well as to secure payment of an obligation.").

[9] Plaintiffs' remaining argument reasserts their inaccurate theory that Defendants purport to "guarantee" themselves a return of the $115,000. Opp. at 8. However, Defendants entirely rebut this theory in their motion to dismiss, as it stems from a misreading of the Agreements. *See* Mot. at 12, n.6. Plaintiffs' theory is wrong, and the plain language of the Agreements contradict their assertions.

argument nor responsive to Defendants' points. The claim must be dismissed.

Moreover, Plaintiffs effectively concede the Option is not a loan by acknowledging repayment is not required because Defendants are not obligated to exercise the Option. Opp., 15. Plaintiffs do not challenge any of the examples showing Defendants would not receive more than the amount originally paid to Plaintiffs–including instances when the Property depreciates. Therefore, it is effectively uncontested that the Agreements do not constitute a "mortgage loan" under New York law because repayment *under all circumstances* is not required. *See*, *e.g.*, FAC ¶¶ 46, 61; RJN, Ex. C, ¶ 2(g) (Mortgage); *K9 Bytes v. Arch Capital Funding*, 57 N.Y.S.3d 625, 632 (2017) (New York law is clear that a loan must require repayment under all circumstances).[10]

## VII. PLAINTIFFS STILL FAIL TO ADDRESS THE DEFICIENCIES IN THEIR N.Y. GEN. BUS. LAW §§ 349-350 CLAIMS

As set forth in Defendants' motion to dismiss, Plaintiffs fail to allege any deceptive act, practice, or advertisement to support a N.Y. Gen. Bus. Law §§ 349-350 claim and fail to allege any actual injury. Plaintiffs' opposition does nothing to salvage its failing claim.

First, Plaintiffs merely repeat their allegation that Unison's website fraudulently states it "only shares in the change in value of the property" when it "really takes a majority of the entire value of the property[.]" Opp., 9. But, as outlined above, Defendants' allegation fails because it is directly contradicted by the language of the Agreements. *See supra* §§ II.A-B. Simply put, because the Agreements fully disclose the option exercise price and process, Plaintiffs' allegations cannot support a claim under N.Y. Gen. Bus. Law §§ 349-350. *See Sands v. Ticketmaster-New York*, 616 N.Y.S.2d 362, 363 (N.Y. App. Div. 1994) (practice not actionable when it was fully disclosed). Second, Plaintiffs still fail to sufficiently allege any actual injury, as they must. While Plaintiffs

[10] *See also LG Funding v. United Senior Properties of Olathe*, 122 N.Y.S.3d 309, 312 (2020) ("Unless a principal sum advanced is repayable absolutely, the transaction is not a loan.").

argue they suffered an injury because they "effectively lost the majority of the equity in their home," they still have not–and cannot–allege that Defendants have exercised the option. Plaintiffs cannot allege injury stemming from the specualitve future exercise of the Option. *Supra* § III.A.

## VIII. PLAINTIFFS' OPPOSITION FAILS TO SUFFICIENTLY ALLEGE ANY FACTS OF PROCEDURAL OR SUBSTANTIVE UNCONSCIONABILITY

Plaintiffs' unconscionability claim remains insufficiently pled, because, among other things, they fail to allege how the third-party appraisal was unreasonably balanced in favor of Defendants and do not allege they lacked meaningful choice at the time of contract, lacked an opportunity to bargain, or lacked an opportunity to understand the terms of their contract. Mot. at 14-16; *see State v. Wolowitz*, 468 N.Y.S.2d 131, 145 (1983). In response, Plaintiffs yet again recite the elements of a cause of action for unconscionability and repeat the same conclusory allegations from the amended complaint to conclude that the Option is unconscionable. Opp., 11-12. However, these allegations do not sufficiently allege unconscionability.

Plaintiffs also raise, for the first time in opposition, that the Agreements "embody the classic elements of a contract of adhesion." Opp., 13. Positions raised for the first time in opposition to a motion to dismiss must be rejected. *See De Fuente v. Preferred Home Care of N.Y. LLC*, 2020 U.S. Dist. LEXIS 187681, at *11, n.4 (E.D.N.Y. 2020) (plaintiffs may not amend a complaint through motion papers). Moreover, Plaintiffs provide no authority showing that merely alleging an adhesion contract makes their claim sufficient. Regardless, this new theory fails because Plaintiffs had notice of all provisions in the Agreements, they concede they had viable alternatives, and they do not sufficiently allege any fraud or overreaching. *See Klos v. Polskie Linie Lotnicze*, 133 F.3d 164, 167 (2d Cir. 1997); FAC ¶¶ 30-60 (admitting they "looked into different options" and spent three months negotiating the Agreements).

## IX. RESCISSION IS NOT A STANDALONE CLAIM AND PLAINTIFFS STILL PROVIDE NO SUPPORT FOR SUCH A THEORY

As outlined in Defendants' motion to dismiss, rescission is not a standalone claim and Plaintiffs fail to provide any legal basis for the equitable remedy of recession. *See Sokolow v. Lacher*, 747 N.Y.S.2d 441, 446 (App. Div. 2002). Plaintiffs' opposition addresses neither argument, and like before, merely restates the elements and concludes "all [] necessary elements are plead." Opp., 13. Plaintiffs' failure to respond to Defendants' arguments should be deemed a concession that Plaintiffs have abandoned their claims. *Palmer*, 564 F.Supp.3d at 238. Consequently, the Court should dismiss Plaintiffs' claim with prejudice.

## X. PLAINTIFFS' OPPOSITION FAILS TO REMEDY THEIR DEFICIENT DECLARATORY RELIEF OR INJUNCTIVE RELIEF THEORIES

As set forth in Defendants' motion to dismiss, Plaintiffs fail to allege a justiciable controversy amenable to declaratory relief, and, nonetheless, their declaratory relief claim is duplicative of their other claims and therefore must be dismissed. *See* Mot., p. 24; *Cable First Constr. v. Lepetiuk Eng'g Corp.*, 2021 U.S. Dist. LEXIS 129324, at *11 (S.D.N.Y. July 12, 2021). Additionally, Plaintiffs' fail to allege any legal basis to support their request for injunctive relief. Mot., p. 25; *Golden v. Steam Heat*, 628 N.Y.S.2d 375, 377 (N.Y. App. Div. 1995). Not surprising, Plaintiffs' opposition fails to address any of Defendants' arguments in support of their motion to dismiss and all but admits that their requested relief is entirely dependent on a hypothetical injury based on a speculative event that may never occur as Defendants have not exercised the Option. Opp., 15 (admitting the possibility that Defendants never exercise the Option). The Court should accordingly grant Defendants' motion to dismiss with prejudice.

## CONCLUSION

Ultimately, Plaintiffs' response does nothing to remedy their deficient claims. Their attempt to unwind the Option has no basis in law. Accordingly, Defendants' motion to dismiss should be granted and Plaintiffs' amended complaint dismissed in its entirety with prejudice.

Dated: November 21, 2022 **SCALE LLP**

By:*/s/ Alexander J. Gershen*
Alexander J. Gershen [admitted pro hac vice]
Scale LLP
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 735-5933
agershen@scalefirm.com

Attorney for Defendants Unison Agreement Corp, Real Estate Equity Exchange Inc., and Odin New Horizon Real Estate Fund L.P.