UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
YISROEL WEINGOT and SURI
WEINBERGER, a/k/a SURI WEINGOT,

   Plaintiffs,

    -against-

UNISON AGREEMENT CORP.; REAL
ESTATE EQUITY EXCHANGE INC.; and
ODIN NEW HORIZON REAL ESTATE FUND
LP,

   Defendants.
--------------------------------X

MEMORANDUM & ORDER
21-CV-4542 (JS)(AYS)

APPEARANCES

For Plaintiffs:            Charles Wertman, Esq.
                           Law Offices of Charles Wertman P.C.
                           100 Merrick Road, Suite 304W
                           Rockville Centre, New York 11570

                           Elliot J. Blumenthal, Esq.
                           Law Offices of Elliot J. Blumenthal, PLLC
                           483 Chestnut Street
                           Cedarhurst, New York 11516

For Defendants:            Alexander J. Gershen, Esq.
                           Jamie Danielle Wells, Esq.
                           Scale LLP
                           315 Montgomery Street, 10th Floor
                           San Francisco, California 94104


SEYBERT, District Judge:

      On August 22, 2022, Plaintiffs Yisorel Weingot and Suri

Weinberger, a/k/a Suri Weingot (collectively, "Plaintiffs") filed

an Amended Complaint against Defendants Unison Agreement Corp.

(hereafter, "Unison"), Real Estate Equity Exchange Inc. (hereafter

"REX"), and Odin New Horizon Real Estate Fund LP (hereafter "Odin"), (collectively, "Defendants"), alleging fifteen causes of action: (1) two counts of common law fraud; (2) fraudulent misrepresentation; (3) two counts of quiet title; (4) unjust enrichment; (5) violations of the Truth in Lending Act (hereafter, "TILA"), 15 U.S.C. § 1601, et seq., and Regulation Z of the Federal Reserve Board (hereafter "Regulation Z"), 12 C.F.R. § 226.1; (6) violations of New York Banking Law, Article 12-D; (7) deceptive acts pursuant to New York General Business Law § 349; (8) false advertising pursuant to New York General Business Law § 350; (9) unconscionable conduct; (10) rescission; (11) slander of title; (12) declaratory relief; and (13) injunctive relief. (Am. Compl., ECF No. 30, ¶¶ 61-179.) On October 7, 2022, Defendants filed a Motion to Dismiss the Amended Complaint (hereafter, "Dismissal Motion"). (Dismissal Motion, ECF No. 32; see also Support Memo, ECF No. 33.) On November 7, 2022, Plaintiffs filed their Opposition to Defendants' Motion, to which Defendants replied on November 21, 2022. (Opp'n, ECF No. 36; Reply, ECF No. 37.)

On July 20, 2023, upon referral from the undersigned, Magistrate Judge Anne Y. Shields issued a Report and Recommendation (hereafter, "Report" or "R&R") recommending the Court dismiss with prejudice:

> (1) the TILA, New York Banking Law and New
> York General Business Law claims (the Sixth,
> Seventh, Eighth, and Ninth Causes of Action);
> (2) the claims for declaratory and injunctive
> relief (the Fourteenth and Fifteenth Causes of
> Action); (3) the claim for unconscionable
> contract (the Tenth Cause of Action); (4) the
> slander of title claim (the Twelfth Cause of
> Action); and (5) the claim for unjust
> enrichment (the Fifth Cause of Action).

(R&R, ECF No. 47, at 18.)  Judge Shields further recommended "the

fraud claims set forth [in] the First, Second, and Third Causes of

Action be dismissed as pleadings against Defendants Real Estate

Equity Exchange Inc. and Odin New Horizon Real Estate Fund LP" and

the Dismissal Motion be denied in all other respects.[1]  (Id.)

  For the following reasons, Plaintiff's objections are

OVERRULED in part and SUSTAINED in part, the R&R is ADOPTED as

modified, and Defendants' Dismissal Motion is GRANTED as follows:

The First, Second, and Third Causes of Action (Common Law Fraud

and Fraudulent Misrepresentation) are dismissed as against

---

[1] On August 31, 2023, Defendants filed a Notice of Supplemental
Authority (hereafter, "Notice") advising the Court of a decision
rendered in the Western District of Washington in favor of Unison.
(See ECF No. 49(citing Olson v. Unison Agreement Corp., No. 22-
CV-01859, 2023 WL 5609251, at *2 (W.D. Wash. Aug. 30, 2023)).  On
September 5, 2023, Plaintiffs filed a response to Defendant's
Notice.  (See ECF No. 50.)  While the Court acknowledges the claims
and facts alleged in Olson are similar to those alleged in the
instant case, the analysis in that case was undertaken with respect
to a state-specific statute, i.e., the Washington State Consumer
Protection Act.  No such claims are before this Court.
Accordingly, the Court declines to consider the supplemental
authority offered by Defendants at this juncture.

Defendants REX and Odin; the Fifth (Unjust Enrichment), Sixth (TILA and Regulation Z), Seventh (NY Banking Law), Eighth (Deceptive Acts), Ninth (False Advertising), and Tenth (Unconscionable Contract) Causes of Action are dismissed as against all Defendants; the Eleventh Cause of Action (Rescission) is dismissed as against Defendants REX and Odin; and the Twelfth (Slander of Title), Fourteenth (Declaratory Relief), and Fifteenth (Injunctive Relief) Causes of Action are dismissed as against all Defendants.

<u>BACKGROUND</u>

I.   <u>Factual and Procedural Background</u>

The Court presumes the parties' familiarity with, adopts, and incorporates herein, the factual and procedural background as set forth in the R&R.[2]  (<u>See</u> R&R at 1-4.)  <u>See generally</u> <u>Sali v. Zwanger & Pesiri Radiology Grp., LLP</u>, No. 19-CV-0275, 2022 WL 819178, at *1 (E.D.N.Y. Mar. 18, 2022) (where no party challenges magistrate judge's recitation of factual and procedural backgrounds of the case, upon clear error review, adopting and incorporating same into court's order).

---

[2] The Court further adopts Judge Shields' use of the term "Agreements" to constitute the three relevant Agreements discussed by the parties in the underlying motion papers, namely: (1) the Unison Homeowner Adoption Agreement; (2) the Unison Homeowner Covenant Agreement; and (3) the Unison Homeowner Mortgage and Security Agreement.  (<u>See</u> R&R at 2.)

II.  Defendants' Objections to the R&R

        Defendants   assert   three   main   objections   to   Judge
Shields'   R&R,   alleging   the   Report   erred   in:   (1)   concluding
Plaintiffs   adequately   pled   their   fraud   claims   against   Unison
because   it,   (a)   failed   to   identify   contract   terms   within   the
Agreements   that   conflicted   with   Unisons'   representations   to
Plaintiffs,   (b)   failed   to   address   Plaintiffs'   second   fraud   count
based   upon   Defendants'   alleged   false   appraisal,   (c)   accepted
Plaintiffs'   "conclusory   allegations   of   fraudulent   intent,"   and
(d) "does   not   address   Plaintiffs'   failure   to   allege   reasonable
reliance   or   an   actual   pecuniary   loss";   (2)   failing   to   dismiss
Plaintiffs'   quiet   title   claim   based   upon   Plaintiffs'   lack   of
injury-in-fact;   and   (3)   failing   to   dismiss   Plaintiffs'   rescission
claim   against   all   Defendants   or   against   REX   and   Odin   because
(a)   Plaintiffs   failed   to   allege   how   money   damages   or   other   legal
remedies   would   be   inadequate   at   law,   (b)   Plaintiffs   reaped   the
benefits   of   the   contract   which   typically   bars   rescission   claims,
(c)   the   Court's   reliance   on   Robinson v. Sanctuary Record Groups,
Limited,   826   F.Supp.2d   570,   575   (S.D.N.Y.   2011),   is   misplaced,
(d)   the   Court's   claim   that   Plaintiffs   adequately   pled   rescission
because   they   have   "adequately   pled   claims   sounding   in   fraud"   is
inaccurate   since   Plaintiffs   did   not,   in   fact,   adequately   plead
their   fraud   claims,   and   (e)   Plaintiffs   allege   no   specific   or

5

wrongful conduct by REX and Odin that would warrant rescission. (Objs., ECF No. 48, at 9-25.)

In response, Plaintiffs assert: (1) their fraud claims should be permitted to move forward because the Amended Complaint identified the portions of the Agreements that were purportedly fraudulent; (2) they have adequately pled their claim for quiet title based upon their claims that they own the property in question and the existence of Defendants' adverse claim to the property; and (3) they have adequately pled all elements of their rescission claim.[3]  (Reply to Objs., ECF No. 49, at 2-12.)

---

[3] Notably, Plaintiffs did not object to Judge Shields' recommendation to dismiss: "(1) the TILA, New York Banking Law and New York General Business Law claims (the Sixth, Seventh, Eighth, and Ninth Causes of Action); (2) the claims for declaratory and injunctive relief (the Fourteenth and Fifteenth Causes of Action); (3) the claim for unconscionable contract (the Tenth Cause of Action); (4) the slander of title claim (the Twelfth Cause of Action); and (5) the claim for unjust enrichment (the Fifth Cause of Action)."  (R&R at 18; Reply to Objs., ECF No. 49, at 2 (requesting the Court adopt Judge Shields' Report "in its entirety").)  Nor did they object to Judge Shields' recommendation to dismiss all "fraud claims set forth at the First, Second, and Third Causes of Action" against Defendants REX and Odin.  (Id.) Accordingly, Judge Shields' recommendation as to those claims are reviewed for clear error.  Kruger v. Virgin Atl. Airways, Ltd., 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013), aff'd, 578 F. App'x 51 (2d Cir. 2014) ("The Court reviews portions of the R&R to which a party makes no objection for clear error").  Upon clear error review of Judge Shields' recommendation to dismiss said claims, the Court finds none.  Accordingly, Judge Shields' recommendation to dismiss the Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Twelfth, Fourteenth, and Fifteenth Causes of Action against all Defendants, and to dismiss the First, Second, and Third Causes of Action against Defendants REX and Odin, is hereby ADOPTED.

DISCUSSION

I.   Legal Standards

A. Reports and Recommendations

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3); see also U.S. Small Bus. Admin. v. Ameritrans Holdings, LLC, No. 20-CV-1166, 2024 WL 704621, at *2 (E.D.N.Y. Feb. 21, 2024) (applying clear error review where "[d]efendants' regurgitation of their original arguments [was] readily apparent when comparing their [underlying motion] to their [o]bjections"). The Court need not review the findings and conclusions to which no proper objection has been made. Thomas v. Arn, 474 U.S. 140, 150 (1985).

B. Motions to Dismiss

A claim is properly dismissed pursuant to Federal Rule of Civil Procedure (hereafter "Rule") 12(b)(6) where it "fail[s] to state a claim upon which relief can be granted." FED. R. CIV.

7

P. 12(b)(6).   In determining whether to grant a Rule 12(b)(6) motion, courts must "accept as true all factual allegations contained in the Complaint and draw all inferences in plaintiff's favor." Glob. Network Commc'ns, Inc. v. City of N.Y., 458 F.3d 150, 154 (2d Cir. 2006).   "A complaint may not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt, even when the complaint is liberally construed, that the 'plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, to survive a motion to dismiss, Plaintiff need only allege "enough facts to state a claim to relief that is plausible on its face." Basile v. Levittown United Tchrs., 17 F. Supp. 3d 195, 200 (E.D.N.Y. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## II.  Analysis

### A. Defendants' Objections Warrant Clear Error Review

Turning to Defendants' objections, the Court finds them to be "mere reiterations of the arguments in [the] original papers that were fully considered, and rejected, by" Judge Shields. Out of the Blue Wholesale, LLC v. Pac. Am. Fish Co., Inc., No. 19-CV-0254, 2020 WL 7488072, at *2 (E.D.N.Y. Dec. 21, 2020) (quoting Rizzi v. Hilton Domestic Operating Co., Inc., No. 19-CV-1127, 2020 WL 6243713, at *2 (E.D.N.Y. Oct. 23, 2020)

(collecting cases)).  Defendants' regurgitation of their original arguments is apparent when comparing their Dismissal Motion to their Objections.  (Compare Support Memo at 16 (arguing the fraud claims are not viable because Plaintiff failed to explain "what was wrong" with the alleged misrepresentations made by Defendants and Plaintiffs did not allege "any facts showing how [the] appraisal was fraudulent as opposed to just a differing opinion"), 17-18 (arguing Plaintiffs fail to allege reasonable reliance and pecuniary loss), 28 (contending the quiet title claim fails because Plaintiffs failed to allege "a sufficient injury in fact"), 32 (averring rescission claims should be dismissed because Plaintiffs are not lacking a "complete and adequate remedy at law," and retained the fruits of the contract at issue), with Objs. at 9-25 (arguing same)).  Thus, the Court reviews Judge Shields' analysis for clear error; however, even under de novo review, the Court would reach the same conclusions set forth below.

B. <u>Objection 1: Plaintiffs' Fraud Claims</u>[4]

    1. <u>Plaintiffs Have Adequately Pled Common Law Fraud Based Upon Alleged Misrepresentations</u>

Defendants contend Plaintiffs' fraud claims against Unison should be dismissed because Plaintiffs do not identify any "contradiction between the Agreements [executed by the parties] and the [allegedly fraudulent] marketing statement[s]" made by Defendants. (Objs. at 6-7.) This argument is without merit and unsupported by the record. As Judge Shields correctly stated, (<u>see</u> R&R at 10-11), to adequately plead a claim for fraud or fraudulent misrepresentation, Plaintiff must show: "(1) a material misrepresentation of a presently existing or past fact; (2) an intent to deceive; (3) reasonable reliance on the misrepresentation by Plaintiff; and (4) resulting damages." <u>Rockaway Beverage, Inc. v. Wells Fargo & Co.</u>, 378 F. Supp. 3d 150,

---

[4] Defendants assert several objections to the R&R based upon Judge Shields' purported failure to address certain arguments made by Defendants. As a general matter, it is well established "there is no requirement for a court to specifically address each and every argument raised by a party in papers filed with the Court." <u>Hallmark Licensing, LLC v. Dickens, Inc.</u>, No. 17-CV-2149, 2020 WL 6157007, at *7 (E.D.N.Y. Oct. 21, 2020) (citing <u>Miller v. Metro. Life Ins. Co.</u>, No. 17-CV-7284, 2018 WL 59093477, at *5 n.5 (S.D.N.Y. Nov. 15, 2018) (further citations omitted)). "By extension, neither is a court required to address each and every case cited by a party in support of its position." <u>Id.</u> The Court has nonetheless reviewed the merits of each of Defendants' Objections and, for the reasons discussed <u>infra</u>, finds all but one objection to be unpersuasive. To the extent Defendants raise objections not expressly discussed herein, the Court finds those objections to be without merit.

166 (E.D.N.Y. 2019) (citing Ipcon Collections LC v. Costco Wholesale Corp., 698 F.3d 58, 62 (2d Cir. 2012)). Plaintiff must also satisfy the heightened pleading standard under Rule 9(b), which requires Plaintiff to "specify the time, place, speaker, and content of the alleged misrepresentations," state "how the misrepresentations were fraudulent" and the "events which give rise to a strong inference that the defendant had the intent to defraud, knowledge of the falsity, or a reckless disregard for the truth." Id.; Fed. R. Civ. P. 9(b).

Contrary to Defendants' contention, Plaintiffs have adequately pled their fraud claims against Unison because, inter alia, Plaintiffs have indeed identified a "contradiction between the Agreements [executed by the parties] and the [allegedly fraudulent] marketing statement[s]" made by Defendants. (Objs at 6-7.) In the Amended Complaint, Plaintiffs allege statements made on Unison's website and by Unison's representative contradict the terms of their Agreements. (Am. Compl. ¶¶ 45.) In particular, Plaintiffs allege the Unison website states, "[w]e share in a portion of your home's change in value when you decide to sell" and that a Unison representative repeated this statement to them on October 31, 2017. (Am. Compl. ¶¶ 37-38.) Plaintiffs further allege that such statements were entirely contradicted by the terms of the Agreement, which granted Unison the option to purchase an interest in the property of approximately 68% at a later date.

(Id. at ¶¶ 44-45.)   While the Court acknowledges Defendants'
position that, upon close examination of the effect of the
Agreements, Unison's statements did not contradict the Agreements'
terms, at this pleadings stage of the litigation, the Court cannot
make such determination as a matter of law.  See Suez Equity Invs.,
L.P. v. Toronto-Dominion Bank, 250 F.3d 87, 104 (2d Cir. 2001)
(declining to "resolve[] on the pleadings" the tension between
oral representations and the terms of an agreement).  Accordingly,
the Court agrees with, and adopts, Judge Shields' recommendation
to allow Plaintiffs' fraud claims (Counts One, Two, and Three) to
move forward against Unison.

> ### 2. Plaintiffs Adequately Pled Fraud Based Upon False Appraisal

Based upon a single case from the Supreme Court,
Appellate Division, First Department, Defendants assert "it is
well-settled that allegations of an inadequate third-party
appraisal cannot serve as the basis for a fraud claim." (Objs. at
13-14; Support Memo at 17.)   However, the case Defendants cite,
Mandarin Trading Limited v. Wildenstein, concerns facts and
circumstances entirely inapposite to those at issue in this case.
65 A.D.3d 448, 449 (2009), aff'd, 16 N.Y.3d 173 (2011).   In
Mandarin, the court found a fraudulent misrepresentation action by
plaintiff against an appraiser was not viable because the complaint
"fail[ed] to state that the appraisal was made to induce

12

[plaintiff's] reliance." <u>Id.</u> at 450.  Here, Plaintiffs assert exactly that.  (Am. Compl. ¶¶70-73.)  Moreover, Plaintiffs do not claim that the appraisal was conducted by a neutral third-party, as was done in <u>Mandarin</u>; rather, Plaintiffs allege it was <u>Defendants</u> who created an unreasonably low appraisal value designed to mislead Plaintiffs into signing the Agreements at issue.  (<u>Id.</u>)  Accordingly, Defendants' reliance on <u>Mandarin</u> is misplaced, and, in the absence of any countervailing authority, the Court adopts Judge Shields' recommendation to permit Plaintiffs' fraud claim based upon the appraisal to proceed against Unison.

### 3. <u>Plaintiffs' Claims of Fraudulent Intent Were Not Conclusory</u>

Defendants object to Judge Shields' Report insofar as it finds Plaintiffs have adequately pled that Defendants intended to deceive Plaintiffs.  (Objs. at 14-15.)  Upon evaluation of the allegations set forth in the Complaint, and the applicable case law, the Court finds Plaintiffs have adequately pled defendant Unison's intent to deceive.

"Although Rule 9(b) contains a heightened particularity standard, it also relaxes the standard for pleading fraudulent intent: Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." <u>Duran v. Henkel of Am., Inc.</u>, 450 F. Supp. 3d 337, 353 (S.D.N.Y. 2020) (citing FED. R. CIV.

P. 9(b)) (internal quotation marks omitted).  Thus, to sustain a fraud claim, a plaintiff must "allege facts that give rise to a strong inference of fraudulent intent."  Id. (quoting Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006)).  "A strong inference of fraudulent intent may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." Cargo Logistics Int'l, LLC v. Overseas Moving Specialists, Inc., 557 F. Supp. 3d 381, 395–96 (E.D.N.Y. 2021) (internal quotations and citations omitted).  In determining whether a plaintiff has adequately pled a "strong inference" of fraudulent intent, courts "consider the complaint in its entirety and take into account plausible opposing inferences" and if such inferences are "cogent and at least as compelling as any opposing inference one could draw from the facts alleged, then it is sufficiently strong" such that plaintiff's claims can survive a motion to dismiss.  Duran, 450 F. Supp. 3d at 353(citing Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Secs., LLC, 797 F.3d 160, 177 (2d Cir. 2015)) (further citations and internal quotation marks omitted).

    Here, the Court finds Plaintiffs have provided just enough factual allegations to plausibly show Unison's fraudulent intent.  Plaintiffs allege Defendants told them that they were

only giving up a portion of the appreciation of their home's value, when, in fact, they gave Unison the option to purchase an approximate 68% interest in their home. (Am. Compl. ¶¶ 44-45, 62-64.) Plaintiffs plausibly allege that such misrepresentations were made to them by Unison in order to induce them to sign the operative Agreements. Accordingly, Judge Shields correctly concluded Plaintiffs adequately pled fraudulent intent as to Unison.

4. <u>Plaintiffs Adequately Alleged Reasonable Reliance and Pecuniary Loss</u>

Defendants argue Plaintiffs' fraud claims are not viable because Plaintiffs failed to establish that their reliance upon Defendants' statements was reasonable and that they suffered pecuniary loss. (Objs. 17-19.) "In assessing the reasonableness of a plaintiff's alleged reliance, courts consider the entire context of the transaction including factors such as its complexity and magnitude, the sophistication of the parties, and the content of any of the agreements between them." <u>Equinox Gallery Ltd. v. Dorfman</u>, 306 F. Supp. 3d 560, 577–78 (S.D.N.Y. 2018) (citing <u>Emergent Cap. Inv. Mgmt., LLC v. Stonepath Grp., Inc.</u>, 343 F.3d 189, 195 (2d Cir. 2003) (quotations omitted)). Moreover, "[w]hether [a] [p]laintiff's reliance on [a] [defendant's] representations was reasonable cannot be resolved as a matter of law" on a motion to dismiss. <u>Id.</u>; <u>see also</u> <u>Schlaifer Nance & Co.</u>

v. Est. of Warhol, 119 F.3d 91, 98 (2d Cir. 1997) (stating the
determination of whether one's reliance was "reasonable" is a
"fact-intensive" inquiry).  Accordingly, at this nascent stage of
litigation, and drawing all inferences in favor of Plaintiff, the
Court finds Plaintiffs have, albeit narrowly, pled sufficient
facts to plausibly allege their reliance upon Defendants'
representations was "reasonable."

      Plaintiffs have also sufficiently alleged they have
suffered damages.  Under New York law:

> [t]he injury element of a fraud claim is
> interpreted differently depending on whether
> the remedy sought is damages or rescission.
> An action for damages requires the showing of
> some concrete pecuniary loss.  By
> contrast . . . an action to rescind a contract
> for fraudulent inducement does not require a
> showing of injury in the traditional sense
> which is required in an action for damages.

Dornberger v. Metro. Life Ins. Co., 961 F. Supp. 506, 543 (S.D.N.Y.
1997) (internal citations omitted).  Based on Plaintiffs'
recitation of the facts, they have not incurred money damages thus
far; indeed, they may never incur such damages if Unison decides
not to exercise the purchase option per the Agreements.  (See
generally Am. Compl.)  Thus, although Plaintiffs have failed to
allege monetary damages, they have plausibly alleged to have
forgone some right to their property by virtue of Unison's option
to purchase an approximate 68% interest in their home.  (Id. at ¶
44.)  Accordingly, Plaintiffs have made a sufficient showing of

16

damages as to their fraud claim; hence, if proven at trial, the remedy would be rescission, not money damages.  Dornberger, 961 F. Supp. at 543.

For these stated reasons, the Court adopts Judge Shields' recommendation to deny dismissal of Plaintiffs' fraud claims (Counts One, Two, and Three) against Defendant Unison.

C. Objection 2: Plaintiffs' Quiet Title Claims

To adequately plead a claim for quiet title, a plaintiff "must set forth facts showing: (i) the nature of the plaintiff's interest in the real property and the source of this interest; (ii) that the defendant claims an interest in the property adverse to that of the plaintiff, and the particular nature of the interest; (iii) whether any defendant is known or unknown, or incompetent; and (iv) whether all interested parties are named." Gustavia Home LLC v. Env't Control Bd., No. 18-CV-6485, 2019 WL 4359549, at *5 (E.D.N.Y. Aug. 21, 2019), report and recommendation adopted, 2019 WL 4346012 (E.D.N.Y. Sept. 11, 2019).  Defendants do not dispute these elements have been adequately pled, but rather, assert Plaintiffs do not have standing to bring their quiet title claim against Unison because Unison has not yet exercised its option to purchase Plaintiffs' home.  (Objs. at 20.)  The Court disagrees.

"Essential to the maintenance of an action to determine a claim to real property is that the complaint state a claim, by

the defendant, of an estate or interest in the real property, adverse to that of the plaintiff." Barberan v. Nationpoint, 706 F. Supp. 2d 408, 419 (S.D.N.Y. 2010) (citations omitted).  In the Amended Complaint, Plaintiffs allege the Mortgage and Security Agreement grants Unison a "lien on the property [at issue] in the amount of $115,000." (Am. Compl. ¶ 51.)  Plaintiffs further allege the Defendants "claim some estate, right, title, lien or interest in or to the Property adverse to Plaintiffs' title, and these claims constitute a cloud on Plaintiffs' title to the Property." (Id. at ¶ 154.)  Accepting these allegations as true, as it must at the motion to dismiss stage of the litigation, the Court finds the lien and option described in the Amended Complaint constitute sufficient "clouds" on Plaintiffs title such that Plaintiffs have plausibly pled their claims for quiet title. Barberan, 706 F. Supp. 2d at 419 ("A plaintiff may bring a quiet title action against potential clouds on title . . . [and] plaintiffs [are] entitled to commence an action to quiet title even if the defendant had yet to trespass or intrude on the property.") (citing Marchand v. N.Y.S. Dept. of Env't Conservation, 51 A.D.3d 795, 858 N.Y.S.2d 282, 283 (2008) (quotation marks and alterations omitted)). Accordingly, the Court overrules Defendants' second objection and adopts Judge Shields' recommendation not to dismiss Plaintiffs' quiet title claims.

D. Objection 3: Plaintiffs' Rescission Claim

Defendants assert several objections to the R&R's recommendation not to dismiss Plaintiff's rescission claim. (Objs. 21-25.)  In particular, Defendants argue: (1) Plaintiffs failed to allege how money damages or other legal remedies would be inadequate at law; (2) Plaintiffs reaped the benefits of the contract, which typically bars rescission claims; (3) the Court's reliance on Robinson v. Sanctuary Record Groups, Limited is misplaced, (4) the Magistrate Court's recommended finding that Plaintiffs adequately pled rescission because they have "adequately pled claims sounding in fraud" is inaccurate; (5) Plaintiffs have not alleged specific or wrongful conduct by REX and Odin warranting rescission.  (Id.)  For the reasons discussed infra, and upon review of the pleadings, the parties' submissions, and the applicable case law, the Court finds these arguments to be without merit with regard to the rescission claim against Unison.  Accordingly, the Court overrules Defendants' objections and adopts Judge Shields' recommendation to deny Defendants' dismissal motion as to the rescission claim against Unison.  However, having found Plaintiff made no specific allegations of fraud against REX and Odin which would form the basis for a rescission claim against said Defendants, the Court hereby sustains Defendants' objection to Judge Shields' report concerning that claim.  Therefore, the Court grants Defendants'

19

Dismissal Motion insofar as it seeks to dismiss the rescission claim against Defendants REX and Odin.

        1. <u>Plaintiffs Have Alleged Money Damages Would be Inadequate</u>

        In their Amended Complaint, Plaintiffs allege they are entitled to rescission because they were fraudulently induced into transferring an ownership interest in their property to Defendants and because "money damages will not be sufficient to cure the stain on Plaintiffs' title to the Property and make Plaintiffs whole." (Am. Compl. ¶¶ 67, 138.)   While the Court is mindful that: (1) rescission is an extraordinary remedy, and (2) Plaintiffs face the significant challenge of proving fraud occurred and equitable remedies are insufficient to make them whole, the Court finds Plaintiffs have plausibly pled just enough facts to survive dismissal of their rescission claims.  <u>St. Francis Holdings, LLC v. MMP Cap., Inc.</u>, No. 20-CV-4636, 2022 WL 991980, at *16 (E.D.N.Y. Mar. 31, 2022) (denying defendant's motion to dismiss plaintiff's rescission claim where "[p]laintiffs have adequately pled a claim for rescission based on their claim for fraudulent inducement").[5] Despite Defendants' contentions otherwise, Plaintiffs made clear in their Amended Complaint that money damages are not sufficient

---

[5] Moreover, upon review of <u>Robinson v. Sanctuary Record Groups Limited</u>, 826 F.Supp. 2d 570, 575 (S.D.N.Y. 2011), the Court finds Judge Shields' reliance on the case to be wholly appropriate. (<u>See</u> R&R at 17.)   Accordingly, the Court finds Defendants' objections as to the applicability of <u>Robinson</u> to be without merit.

because such damages would not "cure the stain" on their property title.  (Am. Compl. ¶ 138.)  Moreover, Defendants' contention that rescission is not necessary because "Plaintiffs already assert claims for quiet title, which, if successful would provide the very remedy that Plaintiff's seek" is unavailing.  (Objs. at 22.) "At the pleading stage, a party is entitled to plead in the alternative, . . . and is not required to elect between legal and equitable relief."  Capax Discovery, Inc. v. AEP RSD Invs., LLC, 285 F. Supp. 3d 579, 593 (W.D.N.Y. 2018) (rejecting, at the motion to dismiss stage of litigation, defendants' argument that plaintiffs' rescission claims were precluded by their claims for money damages) (internal citations omitted).  Accordingly, Defendants' objection is overruled.

### 2. Plaintiffs' Retention of the Sum Paid by Defendants Does not Bar Their Rescission Claim

Based upon two state court decisions,[6] Defendants contend Plaintiffs cannot bring their rescission claim because they have "retained the fruits of the contract [i.e., the initial $115,00 payment] for over four years."  (Objs. at 22.)  While it may be true that repeated affirmance of a contract might prevent rescission of said contract thereafter, the Amended Complaint

---

[6] See Stayton Realty Corp. v. Rhodes, 192 N.Y.S. 683, 685 (App. Div. 1922); Torpey v. TJ Realty of Orange County Inc., 17 N.Y.S.3d 386 (N.Y. Sup. Ct. 2015).

plausibly alleges that such affirmance did not occur here. Plaintiffs allege they received a one-time payment of $115,000 and later, learning of the true terms of the Agreements, discovered the alleged fraud. (See generally Am. Compl.) Defendants do not contend Plaintiffs "affirmed" or otherwise underscored the validity of the Agreements at issue; instead, Defendants argue merely that Plaintiffs have, to date, retained the initial payment made to them by Defendants. (Objs. at 22.) In the absence of any case law supporting Defendants' position that a party retaining a one-time payment made pursuant to a contract prohibits rescission of that contract based upon fraud, at this juncture, Defendants' objection is unpersuasive. To the extent Defendants seek to recoup their initial $115,000 payment made to Plaintiffs, they are free to assert any such counterclaim that may be available.

### 3. Plaintiffs Have Adequately Pled Their Fraud Claims

Defendants assert that the R&R erroneously concluded "[s]ince Plaintiffs have adequately pled claims sounding in fraud . . . they have also adequately pled a claim for rescission based upon their claim of fraud," because Plaintiffs did not, in fact, adequately plead all the elements of fraud. (R&R at 17; Objs. at 23.) However, as discussed supra, the Court has already found Plaintiffs have, indeed, plausibly pled all necessary elements needed to advance their fraud claims against Unison. Accordingly, the Court finds this objection unsustainable and

22

adopts Judge Shields' recommendation not to dismiss Plaintiffs' rescission claim against Unison.

    4. <u>Plaintiffs Have Not Alleged Wrongful Conduct by REX and Odin Warranting Rescission</u>

Defendants maintain the R&R erred in retaining rescission claims against Defendants REX and Odin despite concluding that Plaintiffs had not adequately alleged a claim of fraud against them. (Objs. at 24-25.) The Court agrees. Since Plaintiffs' rescission claims against Defendants are based upon an alleged fraud, and Plaintiffs have failed to adequately plead their fraud claims against REX and Odin,[7] Plaintiffs' rescission claims against REX and Odin cannot stand. See <u>Hatteras Enterprises Inc. v. Forsythe Cosm. Grp., Ltd.</u>, No. 15-CV-05887, 2018 WL 1935984, at *11 (E.D.N.Y. Apr. 23, 2018) (dismissing rescission claim based upon fraud where the court found plaintiff's fraud claim had not been pled with sufficient particularity). Accordingly, Defendants' objection is sustained, and the Dismissal Motion is granted with respect to the rescission claim asserted against Defendants REX and Odin.

---

[7] The parties do not object to the R&R's recommendation to dismiss Plaintiffs' fraud claims against REX and Odin. (<u>See generally</u> Objs. and Reply to Objs.) Upon clear error review of such recommendation, the Court agrees such claims shall be dismissed. (<u>See</u> <u>supra</u> note 2.)

<u>CONCLUSION</u>

For the stated reasons, IT IS HEREBY ORDERED that Defendants' objections (ECF No. 48) are OVERRULED in part and SUSTAINED in part, the R&R (ECF No. 47) is ADOPTED as modified,[8] and Defendants' Motion to Dismiss (ECF No. 32) is GRANTED in part and DENIED in part such that:

1) The First, Second, and Third Causes of Action (Common Law Fraud and Fraudulent Misrepresentation) are dismissed as against Defendants REX and Odin;

2) The Fifth (Unjust Enrichment), Sixth (TILA and Regulation Z), Seventh (NY Banking Law), Eighth (Deceptive Acts), Ninth (False Advertising), and Tenth (Unconscionable Contract) Causes of Action are dismissed as against all Defendants;

3) The Eleventh Cause of Action (Rescission) is dismissed as against Defendants REX and Odin;

4) The Twelfth (Slander of Title), Fourteenth (Declaratory Relief), and Fifteenth (Injunctive Relief) Causes of Action are dismissed as against all Defendants; and

5) Defendants' Dismissal Motion is DENIED in all other respects.

---

[8] For the avoidance of doubt, the Court dismisses Plaintiffs' rescission claim (the Eleventh Cause of Action) as against Defendants REX and Odin, but adopts the R&R in all other respects.

It is FURTHER ORDERED that Defendants are to file their respective Answers to Plaintiffs' Amended Complaint by no later than April 26, 2024, and that this case is referred to Magistrate Judge Shields for all pretrial matters.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March 20, 2024
        Central Islip, New York