# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YISROEL WEINGOT and SURI WEINBERGER a/k/a SURI WEINGOT,<br><br>Plaintiffs,<br><br>v.<br><br>UNISON AGREEMENT CORP. et al.,<br><br>Defendants. | Case No. 21-cv-04542-JS-AYS |

## MOTION OF NATIONAL CONSUMER LAW CENTER
## FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF PLAINTIFFS

Proposed amicus National Consumer Law Center respectfully moves the Court for leave to file an amicus brief in support of the plaintiffs in this case. A copy of the proposed brief is attached to this motion. Counsel for the proposed amicus has contacted counsel for both the plaintiffs and the defendants. The plaintiffs consent to the filing of this brief and the defendants anticipate that they will oppose.

NCLC is a nationwide nonprofit that works for consumer justice and economic security for low-income and other disadvantaged people in the United States. Since 1969, NCLC has worked to protect vulnerable populations through its expertise in policy analysis and advocacy, publications, litigation, expert witness services, and training. NCLC has particular expertise in the area of home-secured financing, residential mortgage lending, and foreclosure law. It publishes nationally recognized treatises including Home Foreclosures (2d ed. 2023), Mortgage Lending (4th ed. 2024), Mortgage Servicing and Loan Modifications (2d ed. 2023), Consumer Credit Regulation (3d ed. 2020), Truth in Lending (11th ed. 2023), and Unfair and Deceptive Acts and

Practices (10th ed. 2021). NCLC frequently submits amicus briefs in federal courts to provide its perspective on consumer protection and financial products. These briefs have been accepted by numerous courts at every level. *See, e.g.*, *Consumer Data Indus. Ass'n v. Platkin*, 2024 WL 1299256, at *13 (D.N.J. Mar. 27, 2024); *Banks v. N. Tr. Corp.*, 2021 WL 3465763, at *1 (9th Cir. Aug. 6, 2021); *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Rsrv. Sys.*, 773 F. Supp. 2d 151, 157 n.2 (D.D.C. 2011); *Fuentes v. Shevin*, 404 U.S. 817 (1971).

"There is no governing standard, rule or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court." *L&M Bus Corp. v. Bd. of Educ. of City Sch. Dist. of City of New York*, 2018 WL 1782709, at *6 (E.D.N.Y. 2018).[1] "The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties." *Id.*; *see also Andersen v. Leavitt,* 2007 WL 2343672, at *2 (E.D.N.Y. 2007) ("A court may grant leave to appear as an amicus if the information offered is timely and useful.").

Proposed amicus offers this brief to provide a broader perspective on the kinds of products at issue in this case, drawing on NCLC's extensive experience with mortgages, predatory financial products, and consumer protection. NCLC has "relevant expertise and a stated concern for the issues at stake in this case." *D.C. v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). For the past several years, NCLC has been hearing from an increasing number of legal aid organizations and homeowners across the country about people who have been trapped in contracts with Unison and similar companies through misleading and deceptive marketing. In response, NCLC has carefully analyzed these companies' business models, the manner in which these products operate, the ways in which homeowners are confused or misled, and the dramatic

---

[1] Unless otherwise noted, all internal quotation marks, citations, alterations, brackets, and ellipses have been omitted from quotations throughout this motion.

consequences for homeowners all over the country. NCLC has also published an issue brief on these kinds of products.

The proposed brief offers a broader picture of Unison's complex product and business model, as well as how this relates to certain legal questions in the case, including whether Unison's product is a loan and whether it is unconscionable. NCLC believes that this information would be of value to the Court in adjudicating this complex case involving issues of significant public interest and would help complete the presentation of the case provided by the parties. *See, e.g.*, *L&M*, 2018 WL 1782709, at *6 (granting leave where "the court believes that there is some chance that [amicus] will be able to add an important perspective to this complicated case").

The issues in this case are also of significant public interest, since tens of thousands of homeowners across the country are locked into contracts with Unison and companies selling similar products. This makes amicus participation by an organization with nationwide expertise on such issues particularly appropriate. *See, e.g.*, *Russell v. Bd. of Plumbing Exam'rs of Cnty. of Westchester*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999) ("The primary role of the amicus is to assist the Court in reaching the right decision in a case affected with the interest of the general public."), *aff'd*, 1 F. App'x 38 (2d Cir. 2001).

Finally, proposed amicus' motion is timely, since it has been served on the parties on January 7, 2025, while briefing on the defendants' motion for summary judgment remains ongoing. *See, e.g.*, *Andersen*, 2007 WL 2343672, at *6 (amicus brief was timely when decision had not yet been rendered on motion). Proposed amicus NCLC also prepared this brief expeditiously, as it was only recently able to review the parties' briefs and accompanying documents on the motion for summary judgment, which were not filed on the public docket pursuant to this Court's bundling

3

rule. Pursuant to this Court's bundling rule, proposed amicus will also file this motion and proposed brief on the public docket once briefing on the motion is complete.

For these reasons, NCLC respectfully requests that this Court grants its motion for leave to file an amicus brief in support of the plaintiffs in this case.

Respectfully submitted,

*/s/ Andrew Pizor*
ANDREW PIZOR
JENNIFER WAGNER
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, MA 02110
apizor@nclc.org

THOMAS SCOTT-RAILTON[2]
GUPTA WESSLER LLP
2001 K Street, NW
Suite 850 North
Washington, DC 20006
(202) 888-1741
thomas@guptawessler.com

January 7, 2025         *Counsel for Amicus Curiae*

---

[2] *Admitted in New York; practicing under direct supervision of members of the District of Columbia Bar under Rule 49(c)(8).*

4