UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
YISROEL WEINGOT and SURI
WEINBERGER, a/k/a SURI WEINGOT,

   Plaintiffs,

     -against-

UNISON AGREEMENT CORP.; REAL
ESTATE EQUITY EXCHANGE INC.; and
ODIN NEW HORIZON REAL ESTATE FUND
LP,

   Defendants.
--------------------------------X

<u>MEMORANDUM & ORDER</u>
21-CV-4542 (JS)(AYS)

APPEARANCES

For Plaintiffs:        Charles Wertman, Esq.
Law Offices of Charles Wertman P.C.
100 Merrick Road, Suite 304W
Rockville Centre, New York 11570

Elliot J. Blumenthal, Esq.
Law Offices of Elliot J. Blumenthal, PLLC
483 Chestnut Street
Cedarhurst, New York 11516

For Defendants:        Alexander J. Gershen, Esq.
Jamie Danielle Wells, Esq.
Scale LLP
315 Montgomery Street, 10th Floor
San Francisco, California 94104

SEYBERT, District Judge:

      On July 29, 2025, upon referral from the undersigned,

Magistrate Judge Anne Y. Shields issued a Report and Recommendation

(hereafter, "Report" or "R&R") recommending Defendants' Summary

Judgment Motion be granted in part and denied in part.[1]   In particular, Judge Shields recommended the Court grant summary judgment in favor of Defendants as to: (1) all fraud claims asserted by Plaintiff Suri, including her (a) claim of common law fraud based upon false and misleading statements or omissions (the First Cause of Action), (b) claim of common law fraud based upon a below-market appraisal of the property in question (the Second Cause of Action), and (c) claim of fraudulent misrepresentation based upon information provided concerning the HomeOwner program (the Third Cause of Action); (2) Plaintiff Yisroel's claim of common law fraud based upon a below-market appraisal of the property in question (the Second Cause of Action); and (3) the quiet title claims against REX (the Thirteenth Cause of Action). (R&R at 8-12.)   Judge Sheilds recommended Defendants' Summary Judgment Motion be denied in all other respects.   Id.

In so recommending, Judge Shields concluded, as to Yisroel's First and Third Causes of Action for Fraud, "[t]he record before the Court is replete with issues of material fact" as to these claims.  (R&R at 9.)   In particular, Judge Shields noted Yisroel's "deposition testimony [] demonstrates that Yisroel did not understand the terms of the [relevant] Agreements prior to signing them and [] no one from Unison could answer his questions"

_____

[1] Unless otherwise specified, the Court adopts herein all defined terms utilized in the R&R.

and "Yisroel testified that he relied on Unison's website, as well as the representative they sent to meet with Plaintiffs about the HomeOwner product, in entering into the Agreements", thus indicating summary judgment as to his fraud claims is inappropriate. (Id.) Judge Shields further recommended denial of summary judgment as to Plaintiffs' recission claims (the Eleventh Cause of Action), as such claims are "inextricably intertwined with their fraud claims and there are material issues of fact precluding summary judgment as to the fraud claims." (Id. at 10.) Finally, Judge Shields concluded there was "a genuine issue of fact" as to Plaintiff's quiet title claims (the Fourth and Thirteenth Causes of Action) against all Defendants except for REX. (Id. at 11.)

For the following reasons, Plaintiff's objections are OVERRULED in part and SUSTAINED in part, the R&R is ADOPTED as modified, and Defendants' Summary Judgment Motion (ECF No. 63) is GRANTED as to: (1) The First (Common Law Fraud), Third (Fraudulent Misrepresentation), and Eleventh (Recission) Causes of Action asserted by Plaintiff Suri; (2) the Second Cause of Action (Common Law Fraud based upon fraudulent appraisal) asserted by both Plaintiffs; and (3) the Thirteenth Cause of Action asserted by Plaintiffs against Defendant REX only. Defendants' Summary Judgment Motion is denied in all other respects.

3

BACKGROUND

I.    Factual and Procedural Background

        The Court presumes the parties' familiarity with, adopts, and incorporates herein, the factual and procedural background as set forth in the R&R.    (See R&R at 1-5.)    See generally Sali v. Zwanger & Pesiri Radiology Grp., LLP, No. 19-CV-0275, 2022 WL 819178, at *1 (E.D.N.Y. Mar. 18, 2022) (where no party challenges magistrate judge's recitation of factual and procedural backgrounds of the case, upon clear error review, adopting and incorporating same into court's order).

II.   Defendants' Objections to the R&R

        Defendants assert three main objections to Judge Shields' R&R, alleging the Report erred in concluding: (1) there are triable issues of fact precluding summary judgment as to Yisroel's fraud claims because it "failed to conduct any analysis" of the purported misrepresentations made by Defendants to determine if they were "material" and failed to address the remaining elements of Plaintiffs' fraud claims; (2) Plaintiffs can sustain their rescission claims notwithstanding: (a) Suri's rescission claim is "predicated entirely on her fraud claims" as to which Judge Shields recommended granting summary judgment in Defendants favor, (b) Plaintiffs have failed to show they lack an adequate alternative remedy, and (c) Plaintiffs retained the

4

benefits of the Option contract; and (3) there is a dispute of fact concerning Plaintiffs' quiet title claims based upon the Magistrate Court's acceptance as true "Plaintiffs' assertion, without supporting evidence, that the Mortgage impairs title to the Property, when the evidence Defendants submit proves otherwise." (Objs., ECF No. 78, at 6-8.)

In response, Plaintiffs assert, in relevant part: (1) there are triable issues of fact precluding summary judgment as to Yisroel's fraud claims based upon Yisroel's testimony that he did not understand the terms of the Agreements, Unison's acknowledgement that the company did not send a knowledgeable person to the closing, and Yisroel's reliance upon statements made on Unison's website; (2) without addressing Suri's recission claim specifically, that both Plaintiffs' recission claims should be tried; and (3) recission is an adequate remedy because real property is at issue and no duplicative recovery is sought. (Opp'n to Objs., ECF No. 80, at 6-18.)[2]

---

[2] On September 3, 2025, Defendants filed a Letter Motion requesting leave to file a reply to Plaintiffs' Opposition to Defendants' Objections (hereafter, "Letter Motion"). (ECF No. 82). Plaintiffs oppose the Letter Motion. (ECF No. 83).

As a general matter, there is no "explicit provision" which permits a party to file reply papers pursuant to Rule 72(a) or (b). See Alexander v. Evans, No. 88-CV-5309, 1993 WL 427409, at *4 (S.D.N.Y. Oct. 15, 1993; see also FED R. CIV. P. 72(a),(b). Moreover, replies in support of objections and appeals from magistrate judge decisions are not contemplated in the Local Rules nor in this Court's Individual Practice Rules. (See generally, SDNY-EDNY

DISCUSSION

I.  Legal Standards

    A. Reports and Recommendations

        A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3); see also U.S. Small Bus. Admin. v. Ameritrans Holdings, LLC, No. 20-CV-1166, 2024

---

Local Rules; JS Ind. Rules.)  While a judge "has discretion whether to receive further evidence, and therefore further argument," see Alexander, 1993 WL 427409, at *4 (citing Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters, 894 F.2d 36, 40 n.3 (2d Cir. 1990)), in this instance, having reviewed the R&R, Defendants' Objections, and Plaintiffs' Opposition, the Court finds Defendants' proposed reply to be unnecessary.    Therefore, Defendants' Letter Motion (ECF No. 82) is DENIED.

Moreover, to the extent Plaintiffs raise new arguments in their Opposition to Defendants' Objections, such new arguments are not considered herein.  See Rothman v. Complete Packing & Shipping Supplies, Inc., No. 22-CV-2821, 2024 WL 4350433, at *6 (E.D.N.Y. Sept. 30, 2024) ("As a general rule, it is well-established that arguments may not be made for the first time in a reply brief.") (citation modified).

WL 704621, at *2 (E.D.N.Y. Feb. 21, 2024) (applying clear error review where "[d]efendants' regurgitation of their original arguments [was] readily apparent when comparing their [underlying motion] to their [o]bjections").  The Court need not review the findings and conclusions to which no proper objection has been made.  Thomas v. Arn, 474 U.S. 140, 150 (1985).

    B. Summary Judgment

        The Court shall grant summary judgment under Rule 56(a) when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A fact is material for the purposes of resolving a summary judgment motion "when it might affect the outcome of the suit under the governing law." Adamson v. Miller, 808 F. App'x 14, 16 (2d Cir. 2020).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. (quoting Jeffreys v. City of N.Y., 426 F.3d. 549, 553 (2d Cir. 2005)).

        "The movant bears the burden of 'demonstrating the absence of a genuine issue of material fact.'" Nick's Garage, Inc. v. Progressive Cas. Ins. Co., 875 F.3d 107, 114 (2d Cir. 2017) (quoiting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The burden of persuasion may be satisfied by either: (1) submitting evidence that negates an essential element of the non-moving party's claim; or (2) by demonstrating that the non-moving party's

evidence is insufficient to establish an essential element of the non-moving party's claim.  Id.  Once the moving party has met its burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to material facts and instead offer some hard evidence showing that its version of events is not wholly fanciful."  Stein v. County of Nassau, 417 F. Supp. 3d 191, 197 (E.D.N.Y. 2019) (citations omitted).

"Summary judgment is inappropriate when the admissible materials in the record make it arguable that the claim has merit." Kaytor v. Elec. Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010) (citations and quotation marks omitted).  In reviewing the record, the Court "may not make credibility determinations or weigh the evidence" as such determinations are to be made by the jury, not the judge.  Id. (citing Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 150 (2000)).  Accordingly, where an issue as to a material fact cannot be resolved without weighing the credibility of a witness, summary judgment is improper.  Id.

## II. Analysis

### A. Defendants' Objections Warrant Clear Error Review

Turning to Defendants' objections, the Court finds them to be "mere reiterations of the arguments in [the] original papers that were fully considered, and rejected, by" Judge Shields.  Out of the Blue Wholesale, LLC v. Pac. Am. Fish Co., Inc., No. 19-CV-0254, 2020 WL 7488072, at *2 (E.D.N.Y. Dec. 21, 2020)

(quoting Rizzi v. Hilton Domestic Operating Co., Inc., No. 19-CV-1127, 2020 WL 6243713, at *2 (E.D.N.Y. Oct. 23, 2020) (collecting cases)). Defendants' regurgitation of their original arguments is apparent when comparing their Summary Judgment Motion to their Objections. (Compare Support Memo at 10-18 (arguing Judge Shields failed to address Defendants' previously-articulated arguments that: (a) the purportedly fraudulent statements made by Defendants were true; (b) Plaintiffs cannot prove an omission; (c) Defendants lacked fraudulent intent; (d) Yisroel's reliance upon information on Unison's website was not reasonable or justifiable; and (e) Plaintiff cannot establish pecuniary loss, 18-22 (arguing recission claims cannot survive summary judgment in the absence of fraud because Plaintiffs cannot establish they lack an adequate remedy at law, and because Plaintiffs have retained benefits of the parties' Agreements), 22-25 (arguing the quiet title claims cannot survive because Defendants do not hold title to the property), with MSJ Support Memo, ECF No. 61-3, at 19-30 (arguing same)). Thus, the Court reviews Judge Shields' Report for clear error.[3]

---

[3] Moreover, while the Court agrees with Defendants that the R&R would benefit from a more in-depth analysis of the record evidence and its application to the relevant law, it is well-settled that "there is no requirement for a court to specifically address each and every argument raised by a party in papers filed with the Court." Hallmark Licensing, LLC v. Dickens, Inc., No. 17-CV-2149, 2020 WL 6157007, at *7 (E.D.N.Y. Oct. 21, 2020) (quoting Miller v. Metro. Life Ins. Co., No. 17-CV-7284, 2018 WL 59093477, at *5 n.5

B. Objection 1: Plaintiffs' Fraud Claims[4]

As Judge Shields correctly stated (see R&R at 9), to adequately plead a claim for fraud or fraudulent misrepresentation, Plaintiff must show: "(1) a material misrepresentation of a presently existing or past fact; (2) an intent to deceive; (3) reasonable reliance on the misrepresentation by Plaintiff; and (4) resulting damages." Rockaway Beverage, Inc. v. Wells Fargo & Co., 378 F. Supp. 3d 150, 166 (E.D.N.Y. 2019) (citing Ipcon Collections LC v. Costco Wholesale Corp., 698 F.3d 58, 62 (2d Cir. 2012)). Defendants contend Yisroel's fraud-based claims for common law fraud and fraudulent misrepresentation (First and Third Causes of Action)

---

(S.D.N.Y. Nov. 15, 2018) (further citations omitted)). "By extension, neither is a court required to address each and every case cited by a party in support of its position." Id. The Court has nonetheless reviewed the merits of each of Defendants' Objections and, for the reasons discussed infra, finds all but one objection to be unpersuasive. To the extent Defendants raise objections not expressly discussed herein, the Court finds those objections to be without merit.

[4] Neither party has objected to Judge Shields' recommendations to grant summary judgment in favor of Defendants as to: (1) the First, Second, and Third Causes of Action asserted by Suri; (2) The Second Cause of Action asserted by Yisroel; and (3) the Thirteenth Cause of Action for quiet title against REX. (See Objs. at 6 n.5; see also Opp'n to Objs. at 5 (stating "the R&R should be adopted in full")). In the absence of any objections, the Court reviews Judge Shields' recommendations as to these claims for clear error and finds none. Accordingly, the Court ADOPTS the R&R's recommendations as to these claims and, thus, GRANTS Defendants' Motion for Summary Judgment as to same.

against Unison cannot survive summary judgment because: (a) the statements alleged to have been made by Unison are all true (hereafter, "Objection 1-A"); (b) Yisroel fails to offer any evidence of fraudulent intent (hereafter, "Objection 1-B"); (c) Yisroel's reliance upon Unison's representations was not reasonable or justifiable (hereafter, "Objection 1-C"); and (d) Yisroel cannot establish pecuniary loss (hereafter, "Objection 1-D").[5] (Objs. 9-18.) The Court addresses Defendants' Objections in turn below.

First, turning to Defendants' Objection 1-A, that statements made by Unison to Yisroel are all true and therefore cannot give rise to common law fraud, the Court finds such Objection to be without merit in light of the record presented. The Court acknowledges, as it did previously in its Memorandum and Order Adopting Judge Shields' Report and Recommendation on Defendants' Motion to Dismiss (see ECF No. 54), "Defendants'

---

[5]   Defendants further object to Judge Shields' R&R because it "[f]ails to [a]ddress [t]hat Plaintiffs [c]annot [p]rove an [O]mission". (Objs. at 12.) However, as Defendants acknowledge in footnotes 13 and 14 of their Objections, Plaintiff's allegations of fraud based upon Defendants alleged omissions have either already been dismissed (Sixth Cause of Action) or recommended by Judge Shields to be dismissed without objection (Second Cause of Action). (See Mem. & Order on MTD, ECF No. 54, at 6 n.3 (dismissing Sixth Cause of Action); see also supra n.4 (adopting Judge Shield's recommendation to dismiss the Second Cause of Action brought by both Plaintiffs)). In light of the foregoing, this Objection is OVERRULED, and, for the avoidance of doubt, Plaintiffs are not permitted to raise theories of fraud based upon omission at trial.

position that, upon close examination of the Agreements, Unison's statements did not contradict the Agreements' terms." (Mem. & Order on MTD, at 12.) Indeed, Defendants dedicate a signifigant portion of their Objections and underlying Summary Judgment submissions explaining the mathematical reasons why statements made by Unison are true. (See, e.g., Summary Judgment Support Memo, ECF No. 63-1, at 19-21 (explaining Unison's formula for calculating change in value at sale, home value cash conversions, debt, and buyout options).) Notwithstanding such explanations, there is a clear dispute of fact as to whether statements made by Unison, such as the website statement that Unison "share[s] in the appreciation" of one's home when sold (see Ex.4, attached to Opp'n to MSJ, ECF No. 58-6, at 14) is fraudulent or misleading where the effect of the Agreements at issue was, as Yisroel testified, that Unison was conferred an "option to purchase" a portion of his home (see Yisroel Dep., Ex. AA, attached to Summary Judgment Motion, ECF No. 57-28, at 128:3-18), and not merely granted a sum of money as a portion of the appreciation of the home. Moreover, Defendants have not identified binding governing law that was ignored by Judge Shields which would leave the Court with the "definite and firm conviction" that her recommendation to deny Defendants' Summary Judgment Motion as to this claim was a "mistake." See Simhaq v. Kid Carter Touring, Inc., No. 20-CV-2057, 2021 WL 3793876, at *1

(E.D.N.Y. Aug. 26, 2021).  Defendants' Objection 1-A is therefore OVERRULED.

Defendants' Objections 1-B, 1-C, and 1-D fair no better. As to Objection 1-B, which asserts Plaintiffs' claims should not proceed to trial for lack of proof of fraudulent intent, the Court disagrees.  While the record is nearly barren as to evidence of fraudulent intent, which will likely present a signifigant hurdle for Plaintiffs at trial, courts in this district have long-recognized that "fraudulent intent 'is rarely susceptible to direct proof and must ordinarily be established by circumstantial evidence and the legitimate inference arising therefrom.'" Century Pac., Inc. v. Hilton Hotels Corp., 528 F. Supp. 2d 206, 222 (S.D.N.Y. 2007); see also Deem v. Lockheed Corp., No. 87-CV-7017, 1991 WL 196171, at *6 (S.D.N.Y. Sept. 25, 1991) ("Given that 'evidence of fraud is rarely susceptible of direct proof and must ordinarily be established by circumstantial evidence and the legitimate inferences arising therefrom,' the lack of other evidence of fraud does not warrant issuance of summary judgment.") (internal citations omitted).  Moreover, there is some, albeit scant, evidence of fraudulent intent based upon Yisroel's testimony that he had questions concerning the Agreements that went unanswered (see Yisroel Dep. at 69:5-24).  Therefore, Defendants' Objection 1-B is OVERRULED.

13

Defendant's Objection 1-C, asserting Yisroel's reliance upon Unison's representations was not reasonable or justifiable, is similarly OVERRULED.  "In assessing the reasonableness of a plaintiff's alleged reliance, courts consider the entire context of the transaction including factors such as its complexity and magnitude, the sophistication of the parties, and the content of any of the agreements between them."  Equinox Gallery Ltd. v. Dorfman, 306 F. Supp. 3d 560, 577–78 (S.D.N.Y. 2018) (citing Emergent Cap. Inv. Mgmt., LLC v. Stonepath Grp., Inc., 343 F.3d 189, 195 (2d Cir. 2003) (quotations omitted)).  Based upon the record presented, the Agreements at issue were at least minimally complicated, and involved formulas for calculating Unison's alleged share in value among other things.  (Objs. at 10-11.) Yisroel testified he received a high school education, followed by rabbi training, and is employed as a teacher at the Hebrew Academy of Nassau County.  (Yisroel Dep. at 10:5-15.)  Yisroel further testified he did not understand the Agreements he signed or that such Agreement would confer upon Unison an option to purchase the house in the future.  (Id. 128:3-18.)  This evidence is enough, if just barely, to preclude summary judgment on this issue.

While Defendants compellingly argue that Yisroel's testimony indicates he understood the terms of the Agreements and was not induced to sign them based upon Unisons' alleged statements, the Court cannot conclude so as a matter of law without

14

weighing the evidence and making credibility decisions, which the Court may not do at summary judgment.  Frost v. N.Y.C. Police Dep't, 980 F.3d 231, 242 (2d Cir. 2020) ("In applying this [summary judgment] standard, the court should not weigh evidence or assess the credibility of witnesses.").  Accordingly, Defendants' Objection 1-C is OVERRULED.

Finally, Defendants' Objection 1-D is OVERRULED.  As stated previously in the undersigned's Memorandum and Order Adopting Judge Shields' Report and Recommendation on Defendants' Motion to Dismiss, pecuniary loss need not be shown where Plaintiff brings an action seeking recission.  (Mem. & Order on MTD, at 15-17); see also Dornberger v. Metro. Life Ins. Co., 961 F. Supp. 506, 543 (S.D.N.Y. 1997).  Rather, all that is required is that a plaintiff show "injury in some sense," and, in particular, that he "received something different from what [he] contracted for and that [he] might not have accepted the same had the facts not been misrepresented to [him]."  Id. (citing Krinsky v. Title Guarantee & Trust Co., 163 Misc. 833, 298 N.Y.S. 31, 37 (Sup. Ct. 1937); Mott v. Tri-Continental Fin. Corp., 330 F.2d 468, 470 (2d Cir. 1964)).  As stated previously by the undersigned, and by Judge Shields in the R&R, Yisroel has testified he did not understand the terms of the Agreements prior to signing them, did not receive answers from Unison to his questions, and did not believe Unison would be granted an option to buy a portion of his home in the

15

future.  (R&R at 9; Yisroel Dep. at 128:3-18.)  Such evidence in the record is sufficient to create triable issues of fact as to whether Yisroel "received something different" than what he believed he "contracted for."  See Dornberger, 961 F. Supp. 506 at 543.  Therefore Objection 1-D is DENIED.

  C. Objection 2: Plaintiffs' Rescission Claims

  Defendants Object to Judge Shields' recommendation to deny their Motion for Summary Judgment as to Plaintiffs' recission claims (the Eleventh Cause of Action), stating: (a) Suri cannot, as a matter of law, assert her recission claim because it is "inextricably intertwined" with her fraud claim which the Court concluded should not survive summary judgment (hereafter, "Objection 2-A"); (2) Plaintiffs have not shown they lack an adequate remedy at law which warrants recission (hereafter, "Objection 2-B"); and (3) Plaintiffs are not entitled to recission because they have retained the benefits of the contracts at issue. (Objs. 18-22.)  The Court addresses each Objection in turn below.

  First, Objection 2-A is SUSTAINED.  The Court has adopted herein Judge Shields' recommendation to grant summary judgment in favor of Defendants as to Suri's fraud Claims (the First, Second, and Third Causes of Action).  (See supra n.4.)  Suri's recission claim (the Eleventh Cause of Action) is premised upon Defendants' alleged fraud.  (See generally Am. Compl., ECF No. 30, at 19.)  That is because recission is not an "independent cause of action"

16

but rather "an equitable remedy." New Oriental Enter., PTE, Ltd. v. Mission Critical Sols. LLC, No. 20-CV-02327, 2022 WL 874783, at *4 (S.D.N.Y. Mar. 24, 2022). It logically follows, that given the Court's granting of summary judgment as to Suri's underlying fraud claim, the Court must then too prevent Suri from staking claim to a remedy which may come as a result of such fraud. Accordingly, Defendants' Objection 2-A is SUSTAINED and Defendants' Motion for Summary Judgment is GRANTED as to the Eleventh Cause of Action asserted by Suri.

Defendants' Objection 2-B asserts Plaintiffs cannot bring their recission claims because they do not lack an adequate remedy at law. However, as a general matter, recission is an available remedy in cases where, as here, a plaintiff has alleged "fraud in the inducement of the contract." New Paradigm Software Corp. v. New Era of Networks, Inc., 107 F. Supp. 2d 325, 329 (S.D.N.Y. 2000); see also Fed. Deposit Ins. Corp. v. Murex LLC, 500 F. Supp. 3d 76, 121 (S.D.N.Y. 2020) ("Rescission is an 'extraordinary remedy' that is appropriate only 'when a breach may be said to go to the root of the agreement between the parties'") (citations omitted). Moreover, the Court need not resolve the issue of whether such remedy is appropriate on summary judgment where disputes of fact exist as to liability and where the parties have not "thoroughly engaged with such question[]". Murex, 500 F. Supp. 3d at 121 (declining to address whether recission is

17

appropriate on summary judgment). Accordingly, Defendants Objection 2-B is OVERRULED.

Objection 2-C is also OVERRULED. As a general matter, "[r]ecission is a remedy through which a party seeks to disaffirm [a] contract and return to the status that existed before the transaction was executed." Banque Arabe Et Internationale D'Investissement v. Maryland Nat. Bank, 850 F. Supp. 1199, 1212 (S.D.N.Y. 1994), aff'd, 57 F.3d 146 (2d Cir. 1995). Actions taken that are inconsistent with disaffirmance, "such as acceptance of benefits under the contract" will result in loss of the right to rescind. Id. However, where an action of affirmance occurs prior to a plaintiff's notice of any alleged fraud, such conduct does not result in the loss of plaintiff's recission claim. Id. (rejecting arguments otherwise).

Here, while it is undisputed Plaintiffs retained the benefits of the underlying Agreements, i.e., the $115,000 cash payment from Unison (see 56.1 Counterstmt. at ¶26), the record indicates such benefits were retained at or around January 2018. (See Closing Statement, Ex. EE, attached to Gershen Decl., ECF No. 57-32.) Yisroel testified he began to realize just how much of his home the Defendants would share upon receiving "quarterly statements." (Yisroel Dep. 144:17-25.) The quarterly statements in the record are dated February 2023. (See, e.g., Ex. FF, attached to Gershen Decl., ECF No. 57-33.) Accordingly, there is,

at minimum, a dispute of fact as to whether Yisroel was aware of the alleged fraudulent nature of the Agreements when he first retained the benefits of said Agreements.  Therefore, Defendants' Summary Judgment Motion is properly denied on this basis.

D. <u>Objection 3: Plaintiffs' Quiet Title Claims</u>

Defendants object to Judge Shields' recommendation to deny their Summary Judgment Motion as to Plaintiffs' quiet title claims.  In support of their Objection, Defendants argue: (1) Plaintiffs cannot maintain an action for quiet title as a matter of law, because Defendants merely have the "option" to hold title to the property and do not currently hold title to it; and (2) Judge Shields improperly accepted as true that the recorded mortgage impairs Plaintiffs' right to the property.  (Objs. at 23-24.)  The Court finds these arguments unavailing for the same reasons it articulated previously in its Memorandum and Order Adopting Judge Shields' Report and Recommendation on Defendants' Motion to Dismiss.  (Mem. & Order on MTD at 17-18.)  To reiterate, an action for quiet title may be maintained where a plaintiff alleges "actual or constructive possession of the property and the existence of a removable 'cloud'" on said property.  <u>Barberan v. Nationpoint</u>, 706 F. Supp. 2d 408, 418 (S.D.N.Y. 2010).  "A mortgage may constitute an invalid cloud on title."  <u>Id.</u>  Contrary to Defendants' contentions otherwise, Plaintiffs have submitted evidence of said mortgage.  (<u>See</u> Ex. 3, <u>attached to</u> Blumenthal

Decl., ECF No. 58-5.)   Defendants are free to argue, at trial, that said mortgage is not a "cloud" on the subject Property which permits Plaintiff to seek quiet title.   Defendants are also free to argue that, even if said cloud exists on the subject property, Plaintiffs are not entitled to remove the cloud because it was not obtained via fraudulent means.   However, these issues are for the jury to decide.   Accordingly, Defendants' Objection 3 is OVERRULED.


CONCLUSION

For the stated reasons, IT IS HEREBY ORDERED that Defendants' objections (ECF No. 78) are OVERRULED in part and SUSTAINED in part, the R&R (ECF No. 77) is ADOPTED as modified,[6] and Defendants' Summary Judgment Motion (ECF No. 63) is GRANTED in part and DENIED in part such that:

1) Summary Judgment is GRANTED as to the First (Common Law Fraud), Third (Fraudulent Misrepresentation), and Eleventh (Recission) Causes of Action asserted by Plaintiff Suri;

2) Summary Judgment is GRANTED as to the Second Cause of Action (Common Law Fraud based upon fraudulent appraisal) asserted by both Plaintiffs;

---

[6] For the avoidance of doubt, the Court grants summary judgment in favor of Defendants as to Plaintiff Suri's Eleventh Cause of Action for rescission, but adopts the R&R in all other respects.

3) Summary Judgment is GRANTED as to the Thirteenth Cause of Action (Quiet Title) asserted by Plaintiffs against Defendant REX only; and

4) Defendants' Summary Judgment Motion is DENIED in all other respects.

It is FURTHER ORDERED: The parties are to submit a Joint Pretrial Order in accordance with the undersigned's Individual Rules.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 30, 2025
       Central Islip, New York